■ ABDELAZIM SALLAM, Respondent-Appellant, v NEW YORK HOSPITAL, Appellant-Respondent.—Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered December 29, 1988, in which, after trial, a jury returned a verdict in favor of plaintiff in the amount of $1,250,000 and, thereafter, the trial court granted defendant's motion to set aside the verdict insofar as to direct a new trial solely on the issue of damages unless plaintiff stipulated to the entry of a judgment in the reduced amount of $350,000, is unanimously reversed, on the law and on the facts, and judgment is vacated and the complaint dismissed, without costs.

On May 19, 1981, in The New York Hospital (Hospital), Mr. Abdelazim Sallam, who was then 39 years of age and had slight vision in his right eye, underwent corneal transplant surgery. Within weeks of that surgery, an infection resulted in the loss of total vision in Mr. Sallam's right eye.

Subsequently, in 1983, Mr. Sallam (plaintiff) commenced, in the Supreme Court, New York County, a medical malpractice action against the Hospital and Drs. Wayne Whitmore and Stephen Bloomfield to recover damages. After the service of defendants' answer, the plaintiff discontinued his action against defendants, Drs. Whitmore and Bloomfield, and only continued same against defendant Hospital, upon the theory of lack of informed consent.

At the trial, after the plaintiff rested his case, defendant Hospital moved, pursuant to CPLR 4401-a, to dismiss and the trial court denied that motion. Thereafter, the jury returned a verdict in favor of the plaintiff. Subsequently, the trial court granted defendant Hospital's motion to set aside that verdict, insofar as to direct a new trial unless plaintiff stipulated to a reduction in damages. Plaintiff so stipulated.

Defendant appeals and plaintiff cross-appeals.

CPLR 4401-a reads as follows: "A motion for judgment at the end of the plaintiff's case must be granted as to any cause of action for medical malpractice based solely on lack of informed consent if the plaintiff has failed to adduce expert medical testimony in support of the alleged qualitative insufficiency of the consent."

It is well-established law that a plaintiff's medical malpractice complaint which is based solely on a cause of action which alleges lack of informed consent must be dismissed if a plain-

tiff fails " 'to adduce expert medical testimony in support of the alleged qualitative insufficiency of the consent' (CPLR 4401-a)" *(Gonzalez v Moscarella,* 142 AD2d 550, 551-552 [1988]; *see also,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B [1989 Supp Pamph], CPLR 4401-a, at 208-209).

Applying the legal authority, *supra,* to the instant case, after our examination of the plaintiff's evidence, we find that "the plaintiff has failed to adduce expert medical testimony in support of the alleged qualitative insufficiency of the consent" (CPLR 4401-a). We reach this conclusion since plaintiff did not offer the testimony of a medical expert which would indicate that plaintiff's consent was not informed prior to the operation and the defendant Hospital's employees departed from acceptable medical practice, in that they allegedly did not advise plaintiff of risks, such as infection, hemorrhage, and loss of vision which are associated with that type of surgery.

Accordingly, we reverse, vacate the judgment in favor of plaintiff, and dismiss the complaint. Concur—Ross, J. P., Carro, Asch, Kassal and Smith, JJ.