■ ELLEN KOLLER, Respondent-Appellant, v MANHATTAN EYE, EAR & THROAT HOSPITAL et al., Appellants-Respondents, et al., Defendants.—In an action to recover damages for medical malpractice based upon lack of informed consent, the defendants Manhattan Eye, Ear & Throat Hospital and Robin Hayworth appeal from a judgment of the Supreme Court, Kings County (Pizzuto, J.), entered March 20, 1989, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $2,750,000, and the plaintiff appeals from so much of an order of the same court, dated June 27, 1989, as set aside the jury verdict as to damages and

granted a new trial as to damages unless the plaintiff stipulated to reduce the verdict to $1,000,000.

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, without costs or disbursements, the order dated June 27, 1989, is vacated, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages to the principal sum of $350,000; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements; and it is further,

Ordered that the appeal from the order is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the judgment.

The plaintiff's cause of action, alleging medical malpractice based on lack of informed consent, is governed by Public Health Law § 2805-d. In order to recover under that section, a plaintiff must establish (1) that the medical practitioner failed to disclose to her the material risks, benefits and alternatives to the surgery which would have been disclosed by a reasonable medical practitioner *(see,* Public Health Law § 2805-d [1]), and (2) "that a reasonably prudent person in the patient's position would not have undergone the treatment or diagnosis if [she] had been fully informed" (Public Health Law § 2805-d [3]). The medical testimony that "with a reasonable degree of medical certainty" and "under the prevailing standards and practices existing at the time for this operation" a proper informed consent would have included informing a patient of the possibility of permanent diplopia (double vision) after the surgery, and that age was an important factor in undergoing this type of surgery, satisfies the first statutory element. It is not necessary that the plaintiff's expert specifically enunciate the code words "reasonable medical practitioner" within the meaning of Public Health Law § 2805-d (1) *(cf., Matott v Ward,* 48 NY2d 455). As to the second element, we find that there was sufficient testimony adduced at the trial which would have enabled the jury to conclude that an informed, reasonably prudent person would not have consented to the surgery *(cf., Hylick v Halweil,* 112 AD2d 400).

We also find that the award of $2,750,000 to the plaintiff for pain and suffering is excessive and disproportionate to the

injury sustained. The plaintiff, as a result of lack of informed consent, suffers permanent diplopia in all fields of gaze beyond 4 or 5 feet. However, the record reveals that the plaintiff is still employed and that her condition is amenable to certain corrective measures or treatment. Under the circumstances, we find that even $1,000,000 in damages deviates materially from what would be reasonable compensation *(see, LaPaglia v Sears Roebuck & Co.,* 143 AD2d 173; *Simon v Sears, Roebuck & Co.,* 124 AD2d 655; *Alferoff v Casagrande,* 122 AD2d 183). Lawrence, J. P., Kooper, Sullivan and Rosenblatt, JJ., concur.