■ VINCENT DeVIVO, Respondent, v MARK BIRNBAUM, Appellant. [754 NYS2d 60] —In an action to recover damages for dental malpractice and lack of informed consent, the defendant appeals from (1) stated portions of an order of the Supreme Court, Kings County (Clemente, J.), dated November 27, 2000, which, inter alia, denied that branch of his motion which was to set aside a jury verdict and for judgment as a matter of law on the ground that the plaintiff failed to prove a prima facie case, and granted that branch of his motion which was to set aside the jury verdict only to the extent of ordering a new trial unless the plaintiff stipulated to reduce the awards for past pain and suffering from the sum of $385,000 to the sum of $300,000, and for future pain and suffering from the sum of $825,000 to the sum of $300,000, and (2) a judgment of the same court, entered March 30, 2001, which, upon the jury verdict and the plaintiff's stipulation, is in favor of the plaintiff and against him.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law and as a matter of discretion, by deleting the provisions thereof awarding the plaintiff damages for past and future pain and suffering, and a new trial is granted with respect thereto; as so modified, the judgment is affirmed, with costs to the appellant, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the award of damages for past pain and suffering from the sum of $300,000 to the sum of $150,000, and future pain and suffering from the sum of $300,000 to the sum of $100,000, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

To recover damages for dental malpractice based on lack of informed consent, the plaintiff was required to prove that the

defendant failed to disclose to him the material risks, benefits, and alternatives to the surgery which a reasonable dental practitioner "under similar circumstances would have disclosed, in a manner permitting [the plaintiff] to make a knowledgeable evaluation," and that a reasonably prudent person in the plaintiff's position would not have undergone the surgery if he or she had been fully informed (Public Health Law § 2805-d [1], [3]; *see Davis v Nassau Ophthalmic Servs.*, 232 AD2d 358, 359; *Koller v Manhattan Eye, Ear & Throat Hosp.*, 168 AD2d 671, 672). The qualitative insufficiency of the consent was supported by expert medical testimony (*see* CPLR 4401-a; *Koller v Manhattan Eye, Ear & Throat Hosp., supra*). Further, there was sufficient evidence from which the jury could conclude that a fully informed, reasonably prudent person in the plaintiff's situation would not have undergone the surgery (*see Koller v Manhattan Eye, Ear & Throat Hosp., supra* at 672; *Osorio v Brauner,* 242 AD2d 511).

The Supreme Court properly denied that branch of the defendant's motion which was to set aside the jury verdict and dismiss the cause of action alleging negligence since there was a valid line of reasoning and permissible inferences which could lead rational people to the conclusion reached by the jury based on the evidence presented at trial (*see Cohen v Hallmark Cards,* 45 NY2d 493). The expert testimony adduced by the plaintiff was not speculative (*cf. Cassano v Hagstrom,* 5 NY2d 643, 646). Moreover, the jury finding that the defendant was negligent was supported by a fair interpretation of the evidence (*see Nicastro v Park,* 113 AD2d 129).

However, the amount of damages awarded to the plaintiff for past and future pain and suffering, as reduced by the Supreme Court, deviates materially from what would be reasonable compensation, and is, therefore, excessive to the extent indicated (*see* CPLR 5501 [c]).

The defendant's remaining contentions either need not be reached in light of our determination, or are without merit. Santucci, J.P., Townes, Crane and Rivera, JJ., concur.