Gardner v Wider (2004 NY Slip Op 50013(U))

[*1]

Gardner v Wider

2004 NY Slip Op 50013(U)

Decided on January 20, 2004

Supreme Court, New York County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 20, 2004

Supreme Court, New York County
 CHRISTINE GARDNER, Plaintiff,
against
TODD M. WIDER, Defendant.
Index No.: 101045/00

Martin Clearwater & Bell LLP (Michael A. Sonkin of counsel), New York, NY, for the defendant
Perecman & Fanning, PLLC (Cyril Baines of counsel), New York, NY, for the plaintiff

JOAN B. CAREY, J.
Introduction
Motion by the defendant to preclude the testimony of an expert, should the plaintiff retain one, at trial based upon the plaintiff's failure to provide a timely response to the defendant's demand pursuant to CPLR 3101(d), and for summary judgment dismissing the complaint.
Facts & Procedural Posture
On January 19, 2000, the plaintiff commenced the instant action against the defendant to recover damages for medical malpractice and lack of informed consent (Defendant's moving papers, ex. A). In serving his answer on the plaintiff, the defendant demanded expert disclosure pursuant to CPLR 3101(d) (id at ex. B; ex. C). By the filing of a note of issue and certificate of readiness for trial, dated February 4, 2003 (id at ex. D), this matter was placed on the court's trial calendar for October 7, 2003. On October 7th, the matter was adjourned to January 13, 2004, a firm trial date. On November 18, 2003, the court conducted a pre-trial conference at which the plaintiff was ordered to serve expert disclosure pursuant to CPLR 3101(d) no later than December 11, 2003.
By an order to show cause, executed by the court on January 6, 2004, the defendant brought the instant motion seeking to preclude the trial testimony of the plaintiff's expert, if in fact she has retained one, and for summary judgment dismissing the complaint on the ground that the plaintiff cannot establish a prima facie case in the absence of expert testimony (Order to show cause, affirmation at ¶¶ 11-14).
On January 9th, the return date of the order to show cause, plaintiff's counsel informed the court that several unsuccessful efforts had been undertaken to secure an expert for trial. Specifically, three potential experts reviewed the case file, but declined to testify on behalf of the plaintiff. Plaintiff's counsel also informed the court that one more potential expert had reviewed [*2]the case file, and a decision by that expert on whether the expert would testify was expected that day. The motion was adjourned to January 12th, at which time plaintiff's counsel was to inform the court as to whether an expert had been retained, and, concomitantly, a decision on the defendant's motion could be made.
On January 12th, plaintiff's counsel stated that no expert witness had been secured by the plaintiff, but that the plaintiff was ready to proceed on her cause of action for lack of informed consent (Tr. Oral argument, 1/12/04, p 2).[FN1] Defense counsel argued that dismissal of the remainder of the complaint was warranted, under CPLR 4401-a, given that the plaintiff did not have an expert witness to present at trial (id at pp 2-3). Plaintiff's counsel essentially responded that expert evidence could be elicited from the defendant directly (id at pp 3-4).
Analysis CPLR 4401-a provides that "[a] motion for judgment at the end of the plaintiff's case must be granted as to any cause of action for medical malpractice based solely on lack of informed consent if the plaintiff has failed to adduce expert medical testimony in support of the alleged qualitative insufficiency of the consent." Thus, CPLR 4401-a places an affirmative duty on the plaintiff in an action subject to the statute to call an expert medical witness, during the presentation of her case in chief, to give testimony to the effect that the alleged consent given to the defendant physician was inadequate (see Antoine v Gulmi, 275 AD2d 294 [2d Dept. 2000]; Berger v Becker, 272 AD2d 565 [2d Dept. 2000]; Sallam v New York Hosp., 155 AD2d 389 [1st Dept. 1989]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 4401-a). To accomplish this, the medical expert has to testify as to what a reasonable medical practitioner under similar circumstances would have disclosed, including alternatives, reasonably foreseeable risks, and benefits (see Public Health Law § 2805-d[1]; Alberti v St. John's Episcopal Hosp.- Smithtown, 116 AD2d 612 [2d Dept. 1986]; 1B PJI 1:150A, p 802 [2004]; see also DeVivo v Birnbaum, 301 AD2d 622 [2d Dept. 2003]), and as to the inadequacy of the subject consent.
In the case at bar, the plaintiff, who attempted, unsuccessfully, through the eve of trial to retain an expert medical witness, seeks to use the defendant as her expert under McDermott v Manhattan Eye, Ear & Throat Hosp. (15 NY2d 20 [1964]), and its progeny (see e.g. Vega v LaPalorcia, 281 AD2d 623 [2d Dept. 2001]; see also Orner v Mt. Sinai Hosp., 305 AD2d 307 [1st Dept. 2003]; Bevilacqua v Gilbert, 143 AD2d 213 [2d Dept. 1988]; see generally Lippel v City of New York, 281 AD2d 327 [1st Dept. 2001]). McDermott v Manhattan Eye, Ear & Throat Hosp. (supra) enunciated the now well established rule that a plaintiff in a medical malpractice action may call as a witness the defendant doctor and question the doctor as an expert witness. Thus, such a plaintiff may attempt to adduce from a defendant doctor expert testimony to support the plaintiff's malpractice claim asserted against the doctor, and, [*3]concomitantly, establish a prima facie case of malpractice against the doctor.[FN2]
In the instant case, summary dismissal of the plaintiff's cause of action for lack of informed consent is warranted. Review of the consent form signed by the plaintiff, the defendant and a non-party witness reveals that the plaintiff was advised of multiple specific risks relating to the cosmetic surgery that the defendant performed on her. Furthermore, review of the defendant's EBT testimony, during which he referred to his notes regarding the risks he revealed to the plaintiff, demonstrates that the defendant would not provide to the plaintiff the expert testimony necessary to survive dismissal under CPLR 4401-a.
Thus, while the statute speaks of dismissal of the plaintiff's cause of action for lack of informed consent following the close of her case at trial, dismissal at this time, the eve of trial, is appropriate (see Bauernfeind v Albany Med. Ctr. Hosp., 195 AD2d 819 [3d Dept. 1993]; see also Good v Presbyterian Hosp. in the City of New York, 934 FSupp 107 [SDNY 1996]). This disposition is in accord with the legislative history underlying the 1975 medical malpractice bill, enacted in response to a medical malpractice insurance crisis, of which CPLR 4401-a was a part.[FN3] To allow the plaintiff to proceed to trial without the services of an independently retained expert, in the hope that the defendant doctor would provide the requisite expert testimony necessary to survive dismissal under CPLR 4401-a, in the absence of an offer of proof that the defendant doctor may provide the desired testimony, would result in the waste of judicial resources (e.g. voir dire of jury, impaneling of jury) and the time of the parties and their attorneys. Moreover, such a course of action is utterly at odds with the main objective of CPLR 4401-a (i.e. assure prompt and fair dispositions of claims for lack of informed consent).
Therefore, based upon the foregoing, the defendant's motion for summary judgment dismissing the remainder of the complaint (i.e. cause of action for lack of informed consent) is granted.
Conclusion
Based upon the foregoing, it is hereby
ORDERED that the branch of the defendant's motion which is for preclusion of expert testimony [*4]is denied as academic and the branch of the motion which is for summary judgment dismissing the complaint is granted, and the complaint is dismissed; and it is further,
ORDERED that the Clerk of the Court is directed to enter judgment for the defendant dismissing the complaint.
Date: 01/20/2004
 
Hon. Joan B. Carey, Acting JSC
Papers considered:
(1) Order to show cause, affirmation in support and accompanying exhibits A-E
(2) EBT testimony of the plaintiff Christine Gardner, the defendant Todd M. Wider and non-party Ellen Greene
(3) Consent form dated 4/20/1998

Decision Date: January 20, 2004
Footnotes

Footnote 1:The plaintiff withdrew her first cause of action which was to recover damages for medical malpractice (Tr., Oral argument, 01/12/2004, p 15).

Footnote 2:While a plaintiff may call and question at trial a defendant doctor as plaintiff's expert, it is unlikely that a plaintiff will gain anything utilizing such a tactic (76 NY Jur 2d, Malpractice § 318, p 558). 

Footnote 3:L 1975, ch 109 was enacted "to deal comprehensively with the critical threat to the health and welfare of the State by way of diminished delivery of health care services as a result of the lack of adequate medical malpractice insurance coverage at reasonable rates" (Governor's Mem on L 1975, ch 109, 1975 NY Legis Ann, at p 225; Governor's Mem approving L 1975, ch 109, 1975 Legis Ann, at p 419). CPLR 4401-a, § 9 of the bill, furthers the purpose of the bill (i.e. reduce insurance rates) "by placing reasonable limits on the application of the doctrine of informed consent", thereby assuring the prompt and fair disposition of medical malpractice claims premised solely on lack of informed consent (Governor's Mem on L 1975, ch 109, 1975 NY Legis Ann, at p 225; Governor's Mem approving L 1975, ch 109, 1975 Legis Ann, at p 419).