■ ALICE T. OGDEN et al., Appellants, v KHALID BHATTI, Respondent, et al., Defendant. — Appeal from a judgment of the Supreme Court in favor of defendant Bhatti, entered October 15, 1981 in Rensselaer County, upon a verdict rendered at Trial Term (Kahn, J.). The underlying action is one for medical malpractice against the defendant doctor for treatment rendered plaintiff Alice T. Ogden. The other plaintiff is her husband who has brought a derivative action. The record reveals that defendant examined plaintiff Alice T. Ogden at his office and concluded she had a polyp in the sigmoid colon which had to be removed; that the best available procedure for its removal was by a colonoscopy and polypectomy; that plaintiff was given Valium and Demerol to sedate her and the polyp was removed while she was an outpatient at St. Mary's Hospital in Troy; that she was thereafter discharged to her home; that the following day she complained of pain and nausea and contacted defendant; that she was told by his secretary to report to the emergency room where she was later examined by defendant; and that he advised her that the polyp was malignant and that there was a perforation at the polypectomy site which caused peritonitis and that she needed immediate surgery which was performed by one other than defendant. Thereafter the instant action was commenced alleging malpractice as a result of defendant's performance of the colonoscopy and polypectomy and a second cause of action based on lack of informed consent. After a jury trial a verdict of no cause of action was returned on both of these causes of action. This appeal ensued. As to the action for lack of informed consent, it is required that a physician explain all the facts that "a reasonable medical practitioner under similar circumstances would have disclosed" (Public Health Law, § 2805-d, subd 1; *Troy v Long Is. Jewish-Hillside Med. Center,* 86 AD2d 631, 632). In the instant case, plaintiff testified that there were no instructions given at the initial visit as to after-procedure observations or instructions. Plaintiff thus contends that she had insufficient information to understand the risks involved. Defendant testified, in substance, that he advised plaintiffs of the potential risks involved and the procedure to be employed. An examination of the record demonstrates that there was conflicting testimony as to what defendant actually told plaintiffs concerning the risks of the procedures and also conflicting medical evidence as to the standard and accepted procedure in informing a patient of the risks involved. Plaintiffs contend that the specific risks, such as perforation, must be mentioned, while defendant maintains that it was necessary only to mention the general risks unless specifically asked. Considering the record in its entirety, such conflicting testimony presented questions of fact for the jury to resolve. On this record, we should not disturb the jury's finding as against the weight of the evidence since we are unable to conclude that the evidence so preponderates in favor of plaintiffs that the jury could not have reached its conclusion on any fair interpretation of the evidence (*O'Boyle v Avis Rent-A-Car System,* 78 AD2d 431, 439; *Knise v Shearer,* 30 AD2d 741, 742). Passing to the issue of malpractice, there is testimony in the record by plaintiffs' medical expert that perforation of the bowel is a risk with a colonoscopy and a polypectomy. There is also testimony in the record that the procedures performed were generally performed without admission to the hospital, on an

outpatient basis. Again, the conflicting testimony on this issue raised questions of fact for the jury to resolve and on this record the jury could properly conclude that defendant was not guilty of malpractice. Finally, we have examined the court's charge to which there was no exception and reject plaintiffs' various ascribed errors (see *Osowicki v Engert,* 85 AD2d 778, mot for lv to app den 55 NY2d 608). The judgment should be affirmed. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Casey, Weiss and Levine, JJ., concur.