(January 21, 1986)

■ BERNICE ALBERTI et al., Appellants, v ST. JOHN'S EPISCOPAL HOSPITAL-SMITHTOWN, Defendant, and SAMUEL J. ROTH, Respondent.—In a medical malpractice action, plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered June 1, 1984, which dismissed the complaint at the close of all the evidence for failure to establish a prima facie case.

Judgment reversed, on the law, and a new trial granted as against defendant Roth, with costs to abide the event.

Viewing the evidence in the light most favorable to plaintiffs and resolving all questions of credibility in their favor, as we must (see, Lipsius v White, 91 AD2d 271), there was

sufficient evidence adduced from which a reasonable person might conclude that defendant Roth's acts or omissions constituted a departure from the standards of medical care in the community, and that this departure proximately caused plaintiff Bernice Alberti's injuries. Therefore, plaintiffs established a prima facie case of medical malpractice against defendant Roth under a negligence theory (see, Gibson v D'Amico, 97 AD2d 905, lv denied 61 NY2d 603; Lipsius v White, supra).

In addition, plaintiff Bernice Alberti's testimony that defendant Roth did not inform her of any of the risks involved in reconstructive surgery and her testimony from which it may reasonably be inferred that she would not have had the operation had she known the risks involved, combined with the expert testimony as to the risks a reasonable medical practitioner under similar circumstances would have disclosed, served to establish a prima facie case of medical malpractice based on lack of informed consent (see, Public Health Law § 2805-d; Ogden v Bhatti, 92 AD2d 658; Lipsius v White, supra). Lazer, J. P., Bracken, Niehoff and Kooper, JJ., concur.