■ MARIA BODEANU, Appellant, v JOAN BERTORELLI et al., Respondents, et al., Defendant. (And a Third-Party Action.)— In an action to recover damages for personal injuries, the

plaintiff appeals from a judgment of the Supreme Court, Queens County (Lonschein, J.), dated May 23, 1989, which, upon a trial ruling granting the motion by the defendants Joan Bertorelli and Joseph Bertorelli to dismiss the complaint at the close of the plaintiff's evidence for failure to present a prima facie case, is in favor of those defendants and against her.

Ordered that the judgment is affirmed, with costs.

This action arose out of an automobile accident which occurred in Queens in April 1983. No one at the scene was certain as to the actual cause of the accident, and there were no eyewitnesses. The testimony of those who saw what happened immediately following the initial impact did not reveal the cause of the accident or the party responsible.

In determining a motion to dismiss an action for failure to make out a prima facie case, "the plaintiff's evidence must be accepted as true and given the benefit of every reasonable inference which can reasonably be drawn from that evidence * * *. The motion should only be granted if there is no rational process by which a jury could find for the plaintiff as against the moving defendant" (Secof v Greens Condominium, 158 AD2d 591, 593).

When viewed in the light most favorable to the plaintiff (see, Bernstein v City of New York, 69 NY2d 1020, 1022; Russell v Meat Farms, 160 AD2d 987; Secof v Greens Condominium, supra), it cannot be concluded that the evidence the plaintiff presented established a prima facie case against the defendants Joan Bertorelli and Joseph Bertorelli. As the court correctly found, the evidence presented did not, in any manner, link these defendants to the cause of the accident. Therefore, any determination by the jury of negligence by these defendants would have been speculative and not based on any reasonable inference that could have been drawn from the evidence presented. Brown, J. P., Balletta, Rosenblatt and Ritter, JJ., concur.