■ CARLOS OSORIO et al., Respondents, v GARY J. BRAUNER, Appellant. [662 NYS2d 488] —Judgment, Supreme Court, Bronx County (Anne Targum, J., and a jury), entered October 16, 1996, in the principal amount of $120,000, as reduced by the trial court from a verdict of $275,000, unanimously affirmed, with costs.

Plaintiff's testimony that he would not have agreed to the tattoo removal operation if he had been fully informed of the possibility of hypertrophic scarring was sufficient to present a

question of fact requiring the jury to assess the risks and benefits of the operation, and then to determine whether a reasonably prudent person would not have agreed to the operation (*see, Dooley v Skodnek*, 138 AD2d 102, 106; *Lipsius v White*, 91 AD2d 271, 280). Plaintiff was not required to adduce expert medical testimony to the effect that a reasonably prudent person in plaintiff's position would not have undergone such an operation if he or she had been fully informed of such a risk. While *Briggins v Chynn* (204 AD2d 158) may appear to indicate that the action therein was dismissed because the plaintiff failed to adduce expert testimony on the "reasonably prudent person" standard of Public Health Law § 2805-d (3), actually that case was dismissed because the plaintiff's expert testimony failed to raise a jury question as to whether the risk disclosure that had been given to plaintiff was insufficient, as required by Public Health Law § 2805-d (1) and CPLR 4401-a.

The award of $120,000, as reduced by the trial court, does not deviate materially from what is reasonable compensation for the four-inch raised scar on plaintiff's forearm, which changes color and becomes painful when exposed to the sun and has caused muscle weakness. Concur—Milonas, J. P., Rubin, Mazzarelli and Andrias, JJ.