■ BARBARA HARDT, Respondent, v GREGORY S. LATRENTA, Appellant. [674 NYS2d 335] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered November 13, 1997, which, in an action for medical malpractice, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

On this appeal, the issue has been limited to the viability of plaintiff's second cause of action based on lack of informed consent. The appeal insofar as addressed to the malpractice cause of action has been effectively withdrawn. Plaintiff's testimony that she had no understanding of what the proposed surgery was to entail, taken with that of her medical expert to the effect that defendant should have informed plaintiff that, among other risks, she might suffer from a malpositioning of the eye and that there are some drawbacks to undergoing the surgical repair plaintiff had by a plastic surgeon, such as defendant, as opposed to an oculoplastic surgeon, raised questions of fact as to the lack of informed consent (*see, Lipsius v White*, 91 AD2d 271, 280; *Somoza v St. Vincent's Hosp. & Med. Ctr.*, 192 AD2d 429, 432). Contrary to defendant's contentions concerning Public Health Law § 2805-d (3), plaintiff was not required to adduce expert medical testimony on the "reasonably prudent person" element of that statute (*Osorio v Brauner*, 242 AD2d 511), and the expert opinion adduced by plaintiff tending to substantiate a causal relationship between the treatment she received and her injuries satisfied the proximate cause element of that statute (*see, Flores v Flushing Hosp. & Med. Ctr.*, 109 AD2d 198, 201-202; *Lipsius v White, supra*, at 280-281). Concur—Milonas, J. P., Nardelli, Wallach and Rubin, JJ.