■ Ursula H. King et al., Respondents, v F. Robert Jordan, Jr., Appellant. [696 NYS2d 280] —Cardona, P. J. Appeals (1) from an order of the Supreme Court (Malone, J.), entered August 10, 1998 in Albany County, which denied defendant's motion to, inter alia, set aside the jury verdict, and (2) from the judgment of said court, entered October 16, 1998 in Albany County, upon a verdict rendered in favor of plaintiffs.

In April 1990, after detecting a lump in her right breast, plaintiff Ursula H. King (hereinafter plaintiff) consulted with defendant. After a biopsy revealed the presence of cancer, defendant recommended that plaintiff undergo a right modified radical mastectomy. Defendant performed the procedure on April 23, 1990. Thereafter, in January 1993, plaintiff and her husband, derivatively, commenced this medical malpractice action alleging, inter alia, that defendant was negligent in failing to inform them of an alternative to the removal of her breast, namely, a surgical procedure known as a lumpectomy. After trial, the jury returned a verdict in plaintiffs' favor awarding damages totaling $925,000. Defendant moved to set aside the verdict contending that plaintiffs' proof on the informed consent issue was insufficient and, alternatively, that the damages were excessive. Supreme Court denied the motion resulting in this appeal.

Initially, we note that "[i]n determinating if a jury verdict

should be set aside, the question is whether there is sufficient evidence to support the verdict and, if so, whether the evidence on the whole so preponderates in favor of the losing party that the verdict could not have been reached on any fair interpretation of the evidence" (*Santalucia v County of Broome*, 228 AD2d 895, 896; *see, Lolik v Big V Supermarkets*, 86 NY2d 744, 746). To establish her lack of informed consent cause of action, plaintiff was required to adduce evidence showing that (1) defendant failed to disclose alternatives "which would have been disclosed by a reasonable medical practitioner" (*Hylick v Halweil*, 112 AD2d 400, 401; *see*, Public Health Law § 2805-d [1]), (2) a reasonably prudent person in plaintiff's position would not have undergone the treatment had the person been fully informed, and (3) the lack of informed consent was a proximate cause of her injury (*see, Eppel v Fredericks*, 203 AD2d 152, 153). Additionally, "this showing of qualitative insufficiency of the consent was required to be supported by expert medical testimony" (*Hylick v Halweil, supra*, at 401; *see*, CPLR 4401-a).

Turning to the evidence, plaintiff and her husband testified that defendant never discussed the possibility of performing a lumpectomy but did indicate that other surgeons might handle her treatment differently. Plaintiff further testified that had she known about the possibility of a lumpectomy she would have opted for it rather than go through life "maimed". Plaintiffs' medical expert, John Kehoe, a surgical oncologist experienced in breast cancer treatment, opined that defendant's failure to discuss the option of a lumpectomy given the circumstances of plaintiff's medical situation represented a departure from accepted medical practice and that in plaintiff's case, a lumpectomy was a reasonable treatment option and plaintiff did not have to lose her breast to be adequately treated for her cancer. Although defendant could not remember his exact words, he testified that he discussed the lumpectomy option with plaintiff but did not recommend it. We note that his office record did not specifically reference that he advised her of the lumpectomy as an alternative and indicated that they discussed the reasons for the modified radical mastectomy procedure, "possible complications and the alternatives to surgery".

Viewing the trial evidence in the light most favorable to plaintiff and according her the benefit of every favorable inference to be drawn therefrom (*see, Karney v Arnot-Ogden Mem. Hosp.*, 251 AD2d 780, 782, *lv dismissed* 92 NY2d 942), we find that it was sufficient to support the verdict and, further, that it did not preponderate in defendant's favor such that the verdict could not have been reached on any fair interpretation of it.

Accordingly, Supreme Court properly denied defendant's motion to set aside the verdict as to liability.

Defendant also contends that the damages awarded were excessive. We disagree. Here, the jury awarded plaintiff $500,000 for past pain and suffering, $300,000 for future pain and suffering and plaintiff's husband $125,000 for loss of plaintiff's services. We note that "the amount of damages to be awarded is primarily a question of fact * * * and considerable deference should be accorded to the interpretation of the evidence by the jury" (*Levine v East Ramapo Cent. School Dist.*, 192 AD2d 1025, 1025-1026 [citations omitted]).

Plaintiff's evidence established that she had a difficult physical recovery enduring weeks of pain followed by continuing emotional distress. She testified that the surgery left her with an ugly scar which makes her feel very self-conscious. She related the difficulties with wearing a prosthesis and the manner of her dress. According to plaintiff, she no longer sunbathes nor does she enjoy clothes shopping. She testified that she avoids many normal things married couples do like going out to restaurants. Plaintiff no longer dresses in front of her husband. She described feeling "less than a woman" and testified that the mastectomy has hampered intimate relations with her husband. Based upon our review of the evidence, we cannot say that the jury's awards to plaintiff for past and future pain and suffering and to plaintiff's husband for loss of her services materially deviated from reasonable compensation (*see,* CPLR 5501 [c]; *Santalucia v County of Broome*, 228 AD2d 895, 897, *supra*; *Wendell v Supermarkets Gen. Corp.*, 189 AD2d 1063, 1064). Thus, we cannot say that Supreme Court erred in refusing to reduce the awards.

Yesawich Jr., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order and judgment are affirmed, with costs.