■ JOANNE MOTICHKA, Respondent-Appellant, v HIRAM CODY, M.D., Appellant-Respondent. [720 NYS2d 9] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered October 13, 1999, which, after a jury verdict in plaintiff's favor, denied defendant's motion to set aside the verdict as to liability but granted his motion to the extent of directing a new trial as to damages unless plaintiff stipulated to a reduction of the jury's $2,250,000 pain and suffering award to $850,000, unanimously affirmed, without costs.

The verdict, finding defendant doctor liable for failing to obtain plaintiff's informed consent to the modified radical mastectomy he performed on her, was supported by sufficient evidence and was not contrary to the weight of the evidence adduced at trial (see, Cohen v Hallmark Cards, 45 NY2d 493, 498-499). The evidence, viewed as it must be on appeal, in the light most favorable to plaintiff, the prevailing party at trial (see, Campbell v City of Elmira, 84 NY2d 505, 509), sufficiently and fairly established that defendant misinterpreted the report of the biopsy taken from plaintiff and thereupon misadvised her respecting the extent of her breast malignancy. The evi-

dence further established that plaintiff, in reliance upon defendant's inaccurate representation of her condition, elected to undergo a modified radical mastectomy when her condition did not necessitate such drastic treatment and indeed rendered other considerably less invasive alternate treatments, i.e., a lumpectomy, medically viable. There was ample evidence to establish that a reasonably prudent person in plaintiff's position would not have undergone a mastectomy had she been accurately apprised of her condition and of the less invasive, medically sound alternative treatments for that condition (*see, Osorio v Brauner*, 242 AD2d 511, *lv denied* 91 NY2d 813; *see also, King v Jordan*, 265 AD2d 619).

The motion court's decision to direct a new trial as to damages unless plaintiff stipulated to accept a reduced pain and suffering award in the amount of $850,000 was proper; a pain and suffering award in that reduced amount would not, in contrast to the jury's award, deviate materially from what would be reasonable compensation under the circumstances (*see, King v Jordan, supra*).

We have considered defendant's remaining argument respecting purportedly newly discovered evidence and find it unavailing. The assertedly new evidence is merely cumulative of evidence presented at trial reflecting on plaintiff's credibility and, as such, affords no ground for directing a new trial (*see, Teichner v W & J Holsteins*, 161 AD2d 454, *lv dismissed* 77 NY2d 873; *Mully v Drayn*, 51 AD2d 660). Concur—Tom, J. P., Ellerin, Wallach, Lerner and Buckley, JJ.