■ PETER TRABAL, Appellant, v QUEENS SURGI-CENTER et al., Defendants, and JONATHAN K. SCHWARTZ, Respondent. [779 NYS2d 504]—

In an action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals from so much of a judgment of the Supreme Court, Queens County (Taylor, J.), dated May 7, 2003, as, upon a jury verdict in favor of the defendant Jonathan K. Schwartz and against him, and upon a denial of his motion to set aside the verdict as against the weight of the evidence, dismissed the complaint insofar as asserted against that defendant.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a new trial as to the defendant Jonathan K. Schwartz, with costs to abide the event.

On February 24, 1995, the defendant Jonathan K. Schwartz performed an augmentation phalloplasty on the plaintiff, plastic surgery used to enhance the size of his penis. The procedure involved, among other things, the insertion of a "Gore-Tex" patch used to prevent the re-attachment of the suspensory ligament which was cut to achieve increased length. Within days following the surgery, the plaintiff called Dr. Schwartz and told him that an incision to the right side of his abdomen was much larger than he was originally informed it would be, and that his penis had a 90 degree curvature to the right when erect, a risk he also claimed not to have been informed about prior to surgery. Approximately four months later, Dr. Schwartz performed scar revision surgery to remove scar tissue that had formed on the plaintiff's penis. The following month, the

plaintiff went to the hospital emergency room because his genital area became highly infected following the second surgery by Dr. Schwartz. He was subsequently treated by nonparty Dr. Ridwan Shabsigh for a persistent infection. The infection persisted until Dr. Shabsigh performed a surgical procedure involving the removal of the Gore-Tex patch. Dr. Shabsigh also performed follow-up corrective surgery to address the curvature in the plaintiff's penis.

The plaintiff commenced this action against, among others, Dr. Schwartz, alleging that he was not adequately informed of the risks, benefits, and complications of augmentation phalloplasty and that had he been so advised, he would not have consented to that surgery. The plaintiff also alleged that he continues to suffer from erectile dysfunction, curvature of the penis when erect (reduced to 45 degrees following Dr. Shabsigh's corrective surgery), diminished sensation, and an inability to have normal sexual intercourse as a result of the initial surgery performed by Dr. Schwartz.

At trial, the jury found, in response to questions presented to it by the court, that Dr. Schwartz failed to provide him with appropriate information before obtaining his consent to the initial surgery and that a reasonably prudent person would not have consented to that surgery if he had been given such information, but answered "no" to another question as to whether that surgery was a substantial factor in causing his injury. Thus, the plaintiff argues that the jury verdict, finding that the initial surgery was not a substantial factor in causing his injuries, was against the weight of the evidence. We agree.

A jury verdict should not be set aside as against the weight of the evidence unless "the jury could not have reached the verdict on any fair interpretation of the evidence" (*Nicastro v Park*, 113 AD2d 129, 134 [1985]; *see Fellin v Sahgal*, 296 AD2d 526 [2002]). To establish a cause of action for malpractice based on lack of informed consent, the plaintiff must prove "(1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury" (*Foote v Rajadhyax*, 268 AD2d 745, 745-746 [2000]; *see* Public Health Law § 2805-d; *King v Jordan*, 265 AD2d 619, 620 [1999]). The third element is construed to mean that the actual

procedure performed for which there was no informed consent must have been a proximate cause of the injury (*see Mondo v Ellstein*, 302 AD2d 437 [2003]; *Santilli v CHP, Inc.*, 274 AD2d 905 [2000]; *Bernard v Block*, 176 AD2d 843, 848 [1991]; *Flores v Flushing Hosp. & Med. Ctr.*, 109 AD2d 198 [1985]). "To state it in other terms, the causal connection between a doctor's failure to perform his [or her] duty to inform and a patient's right to recover exists only when it can be shown objectively that a reasonably prudent person would have decided against the procedures actually performed. Once that causal connection has been established, the cause of action in negligent malpractice for failure to inform has been made out and a jury may properly proceed to consider plaintiff's damages" (*Dries v Gregor*, 72 AD2d 231, 236-237 [1980]).

In view of the jury's findings that Dr. Schwartz failed to provide the plaintiff with the appropriate information and that a reasonably prudent person in the plaintiff's position would not have consented to the surgery had he been so advised, the jury's finding that the surgery was not a substantial factor in causing the plaintiff's injury, and its consequent verdict, could not have been reached upon any fair interpretation of the evidence (*see Dries v Gregor, supra* at 237). Upon our review of the record, we find that the jury failed to give adequate weight to the proof showing that "but for" the initial surgery, the plaintiff would not have undergone the subsequent surgeries nor would he have sustained the infection and other injuries, including curvature of his penis when erect, the large incision scar on his abdomen, and the inability to have normal sexual relations (*see generally Santilli v CHP, Inc.*, 274 AD2d 905, 908 [2000]).

Accordingly, the Supreme Court should have granted the plaintiff's motion to set aside the verdict as against the weight of the evidence, and the matter must be remitted to the Supreme Court, Queens County, for a new trial as to Dr. Schwartz. Since the plaintiff moved to set aside the verdict only on the ground that it was against the weight of the evidence, we reject his claim that the new trial should be limited to the issue of damages only (*see Nicastro v Park, supra* at 132-133). Santucci, J.P., Schmidt, Rivera and Lifson, JJ., concur.