■ DENISE JAMES, Appellant, v STEPHEN T. GREENBERG, Respondent. [870 NYS2d 100]—

The trial court erred in granting that branch of the defendant's motion which was pursuant to CPLR 4401 for judgment as a matter of law dismissing the cause of action to recover damages based on lack of informed consent. To succeed on a cause of action to recover damages for lack of informed consent, a plaintiff must establish, inter alia, that a reasonably prudent person in the plaintiff's position would not have undergone the surgery if he or she had been fully informed of the reasonably foreseeable risks, benefits, and alternatives to the surgery (*see* Public Health Law § 2805-d [3]; *Innucci v Bauersachs*, 201 AD2d 460 [1994]). Contrary to the trial court's determination, viewing the evidence in the light most favorable to the plaintiff, and according her every favorable inference that can be reasonably drawn therefrom (*see Bryan v Staten Is. Univ. Hosp.*, 54 AD3d 793, 793-794 [2008]), the jury could have rationally concluded that a reasonably prudent person in the plaintiff's position would not have undergone the surgery if he or she had been fully informed of the risks attendant thereto. In this regard, the plaintiff testified that she would not have undergone the surgery had she known of those risks (*see Osorio v Brauner*, 242 AD2d 511, 511-512 [1997]; *Dooley v Skodnek*, 138 AD2d 102, 106-107 [1988]; *Alberti v St. John's Episcopal Hosp.-Smithtown*, 116 AD2d 612, 613 [1986]; *Lipsius v White*, 91 AD2d 271, 280 [1983]). Accordingly, we grant a new trial on the cause of action to recover damages for lack of informed consent.

The plaintiff's remaining contentions concerning certain evidentiary rulings are without merit. Skelos, J.P., Santucci, Dillon and Covello, JJ., concur.