■ HENCHIE BECK et al., Respondents, v WESTCHESTER COUNTY HEALTH CARE CORPORATION, Also Known as WESTCHESTER MEDICAL CENTER, et al., Appellants, et al., Defendants. [901 NYS2d 280]—

In an action, inter alia, to recover damages for medical malpractice, the defendants Westchester County Health Care Corporation, also known as Westchester Medical Center, and Polut Novruzov appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered September 26, 2008, as granted that branch of the plaintiffs' motion which was, in effect, pursuant to CPLR 4404 to set aside the jury verdict in their favor as contrary to the weight of the evidence, and granted a new trial.

Ordered that the order is affirmed insofar as appealed from, with costs.

The injured plaintiff claimed that she contracted the hepatitis C virus (hereinafter HCV) after undergoing a surgical procedure at the defendant medical center during which she received anesthesia from the defendant physician. Approximately eight weeks after the procedure, the injured plaintiff, who, prior to the procedure, had tested negative for HCV, was diagnosed with

the virus. Evidence at trial included testimony that the injured plaintiff had the identical form of HCV as the patient who immediately preceded her in the same operating room, and that the incubation period for the disease coincided with the date of the injured plaintiff's treatment, as well as testimony concerning the amount and disposal of the narcotic administered by syringe on the previous patient. The jury found that the defendant medical center did not depart from good and accepted standards of care, and that the defendant physician did not depart from good and accepted treatment, with respect to the injured plaintiff.

The standard for determining whether a jury verdict is contrary to the weight of the evidence is whether the evidence so preponderated in favor of the movant that the verdict could not have been reached on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Trabal v Queens Surgi-Center*, 8 AD3d 555, 557 [2004]; *Torres v Esaian*, 5 AD3d 670 [2004]; *Nicastro v Park*, 113 AD2d 129, 134 [1985]). The trial court's disposition of a motion to set aside the verdict as contrary to the weight of the evidence is entitled to great respect (*see Nicastro v Park*, 113 AD2d at 137).

Applying these principals, the Supreme Court properly granted that branch of the plaintiffs' motion which was, in effect, pursuant to CPLR 4404 to set aside the verdict as contrary to the weight of the evidence and granted a new trial (*see Cubeta v York Intl. Corp.*, 60 AD3d 612, 613-614 [2009]; *Trabal v Queens Surgi-Center*, 8 AD3d at 557; *Nicastro v Park*, 113 AD2d at 137).

The appellants' remaining contentions are not properly before this Court. Rivera, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.