■ LYDIA FIGUEROA-BURGOS et al., Appellants, v EDWARD J. BIENIEWICZ, Respondent, et al., Defendants. [23 NYS3d 369]—

In an action to recover damages for medical malpractice and lack of informed consent, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Suffolk County (LaSalle, J.), dated January 2, 2014, which denied their motion pursuant to CPLR 4404 (a) to set aside so much of the jury verdict as, upon finding that the defendant Edward J. Bieniewicz departed from good and accepted medical practice by failing to obtain informed consent from the plaintiff Lydia Figueroa-Burgos prior to treatment, found that such departure was not a substantial factor in causing injury to the plaintiff Lydia Figueroa-Burgos, and for judgment as a matter of law on the issue of liability on the cause of action alleging lack of informed consent or, in the alternative, to set aside that portion of the jury verdict as against the weight of the evidence and for a new trial on the cause of action alleging lack of informed consent, and (2), as limited by their brief, from so much of a judgment of the same court entered February 27, 2014, as, upon the jury verdict, and upon the order dated January 2, 2014, is in favor of the defendant Edward J. Bieniewicz and against them dismissing the cause of action alleging lack of informed consent.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the facts and in the exercise of discretion, so much of the judgment as is in favor of the defendant Edward J. Bieniewicz and against the plaintiffs dismissing the cause of action alleging lack of informed consent is vacated, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial on the cause of action alleging lack of informed consent insofar as asserted against the defendant Edward J. Bieniewicz; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order must be dismissed

because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendant Edward J. Bieniewicz (hereinafter the defendant) performed a breast reduction surgery on the plaintiff Lydia Figueroa-Burgos (hereinafter the plaintiff). The plaintiff and her husband, suing derivatively, commenced this action to recover damages for, inter alia, lack of informed consent. After a trial, the jury rendered a verdict, among other things, finding that the defendant departed from good and accepted medical practice by failing to provide appropriate information to the plaintiff prior to performing the surgery, but this departure was not a substantial factor in causing injury to the plaintiff. The Supreme Court denied the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside that portion of the verdict and for judgment as a matter of law on the issue of liability on the lack of informed consent cause of action or, in the alternative, to set aside that portion of the verdict as contrary to the weight of the evidence and for a new trial on the lack of informed consent cause of action.

We agree with the plaintiffs that they are entitled to a new trial on the lack of informed consent cause of action due to errors in the Supreme Court's jury charge and verdict sheet. "[L]ack of informed consent is a distinct cause of action requiring proof of facts not contemplated by an action based merely on allegations of negligence" (*Jolly v Russell*, 203 AD2d 527, 528 [1994]). To establish a cause of action to recover damages for malpractice based on lack of informed consent, a plaintiff must prove "(1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury" (*Spano v Bertocci*, 299 AD2d 335, 337-338 [2002] [internal quotation marks omitted]; *see* Public Health Law § 2805-d [1], [3]; *Chan v Toothsavers Dental Care, Inc.*, 125 AD3d 712, 713-714 [2015]; *Trabal v Queens Surgi-Center*, 8 AD3d 555, 556-557 [2004]). "The third element is construed to mean that the actual procedure performed for which there was no informed consent must have

been a proximate cause of the injury" (*Trabal v Queens Surgi-Center,* 8 AD3d at 556-557; *see Mondo v Ellstein,* 302 AD2d 437 [2003]; *Santilli v CHP, Inc.,* 274 AD2d 905 [2000]; *Bernard v Block,* 176 AD2d 843, 848 [1991]; *Flores v Flushing Hosp. & Med. Ctr.,* 109 AD2d 198 [1985]). " 'To state it in other terms, the causal connection between a doctor's failure to perform his [or her] duty to inform and a patient's right to recover exists only when it can be shown objectively that a reasonably prudent person would have decided against the procedures actually performed. Once that causal connection has been established, the cause of action in negligent malpractice for failure to inform has been made out and a jury may properly proceed to consider plaintiff's damages' " (*Trabal v Queens Surgi-Center,* 8 AD3d at 557, quoting *Dries v Gregor,* 72 AD2d 231, 236-237 [1980]).

Here, the Supreme Court's charge to the jury included an instruction on the defendant's duty to inform the plaintiff of the alternatives to, and the potential risks of, the surgery, but did not include an instruction on the three elements of the cause of action. Further, those elements were not accurately reflected in the two verdict sheet interrogatories submitted to the jury. The jury was asked, first, to determine if the defendant departed from good and accepted medical practice by failing to provide appropriate information to the plaintiff, and second, if so, whether "such departure" was "a substantial factor in causing injury" to the plaintiff. The charge and the interrogatories did not instruct the jury to determine whether a reasonably prudent person in the plaintiff's position would not have undergone the treatment if fully informed (*see* Public Health Law § 2805-d [3]; *James v Greenberg,* 57 AD3d 849, 850 [2008]; *Dooley v Skodnek,* 138 AD2d 102, 106 [1988]; *Flores v Flushing Hosp. & Med. Ctr.,* 109 AD2d 198, 200 [1985]), and whether the plaintiff's injury was caused by the actual procedure for which there was no informed consent (*see Trabal v Queens Surgi-Center,* 8 AD3d at 556-557; *Santilli v CHP, Inc.,* 274 AD2d at 907; *Foote v Rajadhyax,* 268 AD2d 745, 745-746 [2000]; *Flores v Flushing Hosp. & Med. Ctr.,* 109 AD2d at 200-202; PJI 2:150A). Thus, while the jury received proper instruction on the issue of departure, the jury did not receive proper instruction with respect to the causal connection between that departure and the plaintiff's alleged injury (*see Trabal v Queens Surgi-Center,* 8 AD3d at 557). Although the plaintiffs failed to preserve for appellate review their specific objections to the charge and verdict sheet (*see* CPLR 4110-b), we reach the issue because the errors were of such a fundamental nature that they warrant the invocation of our interest of

justice jurisdiction (*see Matter of State of New York v Todd L.*, 118 AD3d 805, 807 [2014]; *Krigsfeld v Feldman*, 115 AD3d 712, 713 [2014]; *Gallagher v Samples*, 6 AD3d 659, 660 [2004]; *Rudolf v Kahn*, 4 AD3d 408, 409-410 [2004]).

The plaintiffs' contention that the Supreme Court should have granted that branch of their motion which was pursuant to CPLR 4404 (a) to set aside the jury's verdict on the lack of informed consent cause of action and for judgment as a matter of law on the issue of liability on that cause of action is without merit (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *see also Flores v Flushing Hosp. & Med. Ctr.*, 109 AD2d at 201).

In light of our determination, we need not reach the plaintiffs' contention that the verdict was against the weight of the evidence. Dillon, J.P., Austin, Roman and Barros, JJ., concur.