Gilmore v Mihail (2019 NY Slip Op 05647)





Gilmore v Mihail


2019 NY Slip Op 05647


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2017-07026
 (Index No. 6600/12)

[*1]Jennifer Gilmore, et al., respondents, 
v
Radu Clifford Mihail, etc., et al., appellants.


Westermann, Sheehy, Keenan, Samaan & Aydelott, LLP, White Plains, NY (Timothy J. Lenane of counsel), for appellants.
Litman & Litman, P.C., Woodbury, NY (Jeffrey E. Litman of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the defendants appeal from an order of the Supreme Court, Dutchess County (Peter M. Forman, J.), dated May 24, 2017. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
The plaintiff Jennifer Gilmore (hereinafter the injured plaintiff), and her husband suing derivatively, commenced this action against the defendant Radu Clifford Mihail, an otolaryngologist, and his employer, the defendant Mid Hudson Medical Group, P.C. (hereinafter Mid Hudson), arising from sinus surgery Mihail performed on the injured plaintiff on May 3, 2010. The complaint, as amplified by the bills of particulars, alleged, inter alia, that Mihail negligently performed the surgery, causing the injured plaintiff to lose her sensation of smell, that Mihail failed to obtain the injured plaintiff's informed consent for the surgery, and that Mid Hudson was vicariously liable for Mihail's malpractice. The defendants subsequently moved for summary judgment dismissing the complaint. In an order dated May 24, 2017, the Supreme Court denied the motion on the grounds that the parties' conflicting expert opinions raised triable issues of fact as to the allegations of medical malpractice, and that the defendants failed to meet their prima facie burden of eliminating triable issues of fact as to the lack of informed consent allegations. The defendants appeal.
" The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury'" (Hayden v Gordon, 91 AD3d 819, 820, quoting DiMitri v Monsouri, 302 AD2d 420, 421). "A defendant moving for summary judgment in a medical malpractice case must demonstrate the absence of any material issues of fact, with respect to at least one of these elements" (DiLorenzo v Zaso, 148 AD3d 1111, 1112 [citation and internal quotation marks omitted]; see Wexelbaum v Jean, 80 AD3d 756, 757). Where a defendant makes a prima facie showing on both elements, "the burden shifts to the plaintiff to rebut the defendant's showing by raising a triable issue of fact as to both the [*2]departure element and the causation element" (Stukas v Streiter, 83 AD3d 18, 25). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Feinberg v Feit, 23 AD3d 517, 519). "General and conclusory allegations of medical malpractice, however, unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat a defendant physician's summary judgment motion" (Myers v Ferrara, 56 AD3d 78, 84).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing so much of the complaint as alleged medical malpractice by submitting an expert affirmation of a board-certified otolaryngologist. The affirmation set forth a detailed account of the injured plaintiff's medical records and a comparison of the preoperative and postoperative CT scans of the injured plaintiff's sinuses. The defendants' expert opined that the May 3, 2010, surgery did not depart from accepted standards of medical practice and was not the proximate cause of the injured plaintiff's claimed injuries (see Forrest v Tierney, 91 AD3d 707, 709; Graziano v Cooling, 79 AD3d 803, 804). The defendants' expert noted that in comparing the preoperative and postoperative CT scans, there was no evidence of any damage to the olfactory nerves or the cribriform plate as a result of the surgery. The expert found no evidence of significant scarring of the olfactory clefts, which appeared well-aerated in the postoperative CT scan. Based on the medical records and objective evidence, the defendants' expert opined that there was no deviation from the appropriate standard of care and that the surgery did not cause or contribute to the injured plaintiff's claimed loss of smell.
In opposition, the affirmation of the plaintiffs' expert failed to raise a triable issue of fact. The claimed defect in the affirmation submitted by the plaintiffs' expert was waived as the defendants did not raise the defect in the Supreme Court (see Gnahore v Gonzalez, 73 AD3d 690, 690; Scudera v Mahbubur, 299 AD2d 535, 535). Nevertheless, the affirmation of the plaintiffs' expert was conclusory and speculative, and failed to address the specific assertions made by the defendants' expert (see Keun Young Kim v Lenox Hill Hosp., 156 AD3d 774, 775; Aliosha v Ostad, 153 AD3d 591, 593; Forrest v Tierney, 91 AD3d 707, 709; Andreoni v Richmond, 82 AD3d 1139, 1140). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as alleged medical malpractice.
The Supreme Court also should have granted that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as alleged lack of informed consent. Contrary to the defendants' contention, the complaint, although inartfully drafted, contained allegations sufficient to state a cause of action to recover damages for lack of informed consent (see Elkins v Eastern Air Lines, 122 AD2d 104, 105; Torres v Southside Hosp., 84 AD2d 836, 836). To establish a cause of action to recover damages based on lack of informed consent, a plaintiff " must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury'" (Walker v Saint Vincent Catholic Med. Ctrs., 114 AD3d 669, 670, quoting Spano v Bertocci, 299 AD2d 335, 337-338; see Khosrova v Westermann, 109 AD3d 965, 966). " The third element is construed to mean that the actual procedure performed for which there was no informed consent must have been a proximate cause of the injury'" (Figueroa-Burgos v Bieniewicz, 135 AD3d 810, 811-812, quoting Trabal v Queens Surgi-Center, 8 AD3d 555, 556-557). Here, the defendants established through their expert affirmation that the surgery performed by Milhail did not proximately cause the injured plaintiff's claimed injuries (see Tsimbler v Fell, 123 AD3d 1009, 1010-1011). In opposition, the plaintiffs' expert affirmation failed to raise a triable issue of fact on the causation element.
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.
BALKIN, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court