Middleton v New York City Tr. Auth. (2021 NY Slip Op 06613)





Middleton v New York City Tr. Auth.


2021 NY Slip Op 06613


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.


2018-07999
 (Index No. 7548/11)

[*1]Ashley Middleton, etc., et al., appellants,
v
New York City Transit Authority, et al., respondents.


Souren A. Israelyan, New York, NY, for appellants.
Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Genine D. Edwards, J.), entered March 30, 2018. The judgment, upon a jury verdict in favor of the defendants on the issue of liability, and upon the denial of the plaintiffs' motion, in effect, pursuant to CPLR 4404(a) to set aside the jury verdict, inter alia, as contrary to the weight of the evidence and for a new trial, is in favor of the defendants and against the plaintiffs dismissing the complaint.
ORDERED that the judgment is reversed, on the facts, with costs, that branch of the plaintiffs' motion which was, in effect, pursuant to CPLR 4404(a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial is granted, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of liability.
The infant plaintiff allegedly was injured after slipping on a step on a staircase at the Nostrand Avenue train station in Brooklyn. The infant plaintiff, by her mother, and her mother suing derivatively, commenced this action, inter alia, to recover damages for personal injuries allegedly sustained by the infant plaintiff. After the trial was completed, the jury rendered a verdict, in effect, finding that the defendants were negligent, but that such negligence was not a substantial factor in causing the subject accident. The plaintiffs then moved, in effect, pursuant to CPLR 4404(a) to set aside the jury verdict, inter alia, as contrary to the weight of the evidence. The Supreme Court denied the motion and thereafter entered a judgment in favor of the defendants and against the plaintiffs dismissing the complaint. The plaintiffs appeal.
"A jury verdict should not be set aside as contrary to the weight of the evidence unless 'the jury could not have reached the verdict on any fair interpretation of the evidence'" (Mitchell v Quincy Amusements, Inc., 168 AD3d 925, 926, quoting Trabal v Queens Surgi-Center, 8 AD3d 555, 556). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors (see Mitchell v Quincy Amusements, Inc., 168 AD3d at 926; see also Ahmed v Port Auth. of N.Y. & N.J., 131 AD3d 493, 495). Where, as here, "a jury verdict with respect to negligence and proximate causation is irreconcilably inconsistent, that verdict must be set aside as contrary to the weight of the evidence" [*2](Gaudiello v City of New York, 80 AD3d 726, 727).
Under the circumstances of this case, the Supreme Court should have granted that branch of the plaintiffs' motion which was, in effect, to set aside the jury verdict as contrary to the weight of the evidence, as the finding that the defendants' negligence was not a proximate cause of the accident was not supported by a fair interpretation of the evidence (see Mitchell v Quincy Amusements, Inc., 168 AD3d at 926; Mancini v Metropolitan Suburban Bus. Auth., 150 AD3d 979, 980; Guadiello v City of New York, 80 AD3d at 727). The infant plaintiff testified that she slipped on a step that was cracked, sloped down, and uneven. That testimony was consistent with the testimony of the plaintiffs' expert engineer. The defendants failed to adduce any evidence to refute the testimony of the infant plaintiff and the plaintiffs' expert witness.
In light of our determination, we need not reach the plaintiffs' remaining contentions.
RIVERA, J.P., MILLER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court