Contona v Godas (2025 NY Slip Op 06982)

Contona v Godas

2025 NY Slip Op 06982

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
WILLIAM G. FORD
JAMES P. MCCORMACK, JJ.

2024-01083
 (Index No. 608451/16)

[*1]Antoinette Contona, appellant, 
vMaria G. Godas, et al., respondents.

Rappaport, Glass, Levine & Zullo, LLP (Neil R. Finkston, Great Neck, NY, of counsel), for appellant.
Chalos & Co, P.C., Oyster Bay, NY (George M. Chalos and Britton P. Sparkman of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Dawn Jimenez, J.), entered December 18, 2023. The judgment, upon a jury verdict on the issue of liability, and upon the denial of that branch of the plaintiff's oral application which was pursuant to CPLR 4404(a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendants and against the plaintiff, in effect, dismissing the complaint.
ORDERED that the judgment is reversed, on the facts and in the exercise of discretion, with costs, that branch of the plaintiff's oral application which was pursuant to CPLR 4404(a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial is granted, the complaint is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for a new trial on the issue of liability.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in a trip and fall on an uneven sidewalk condition abutting premises owned by the defendants. The action proceeded to a trial on the issue of liability. At the trial, the defendant Joanne Godas testified that there are several longstanding businesses located on the premises abutting the subject sidewalk, which generate significant foot traffic. Godas conceded that photographs that were admitted into evidence showed that the sidewalk condition had existed since at least 2007, but she characterized the condition depicted in the photographs as "just a drop" in the sidewalk and a "settlement of cement." Both of the defendants testified that they were not aware of the allegedly defective condition but added that had they been notified of it, they would have fixed the condition or "put a cone there" to warn a passerby of it. Both of the defendants further acknowledged that pursuant to the Town of Oyster Bay Town Code (see Town of Oyster Bay Town Code § 205-2), they were obligated to maintain the sidewalk in a safe condition and were responsible for making necessary repairs if defects were present.
After the trial, the jury found that there was an unsafe condition on the sidewalk and that the defendants knew or, in the reasonable use of care, should have known that the unsafe condition existed prior to the plaintiff's fall, but that the defendants were not negligent in not correcting the unsafe condition or taking other suitable precautions before the plaintiff's fall occurred, and, accordingly, rendered a verdict in favor of the defendants on the issue of liability. The [*2]plaintiff made an oral application, inter alia, pursuant to CPLR 4404(a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial. The Supreme Court denied that branch of the plaintiff's application. A judgment was issued, upon the jury verdict, and upon the denial of that branch of the plaintiff's application, in favor of the defendants and against the plaintiff, in effect, dismissing the complaint. The plaintiff appeals.
"A jury verdict should not be set aside as contrary to the weight of the evidence unless 'the jury could not have reached the verdict on any fair interpretation of the evidence'" (Mitchell v Quincy Amusements, Inc., 168 AD3d 925, 926, quoting Trabal v Queens Surgi-Center, 8 AD3d 555, 556). "Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors" (Middleton v New York City Tr. Auth., 199 AD3d 998, 998). However, "the discretionary power to set aside a jury verdict and order a new trial must be exercised with considerable caution, for in the absence of indications that substantial justice has not been done, a successful litigant is entitled to the benefits of a favorable jury verdict" (Nicastro v Park, 113 AD2d 129, 133). Where, as here, the jury verdict "is irreconcilably inconsistent, that verdict must be set aside as contrary to the weight of the evidence" (Middleton v New York City Tr. Auth., 199 AD3d at 999; Mitchell v Quincy Amusements, Inc., 168 AD3d at 926).
Under the circumstances of this case, the Supreme Court should have granted that branch of the plaintiff's oral application which was pursuant to CPLR 4404(a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, as the findings that the sidewalk abutting the defendants' premises was not reasonably safe and that the defendants had sufficient notice of the condition to correct it before the accident, but that the defendants were not negligent, were not supported by a fair interpretation of the evidence (see Nicastro v Park, 113 AD2d at 137; see also Middleton v New York City Tr. Auth., 199 AD3d at 999; Mitchell v Quincy Amusements, Inc., 168 AD3d at 926).
LASALLE, P.J., CHAMBERS, FORD and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court