■ SHARON BENDERSKY et al., Respondents, v M & O ENTERPRISES CORP., Doing Business as SHOPPERS VILLAGE, Appellant. [751 NYS2d 269] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Dunne, J.), entered September 27, 2001, which granted the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside a jury verdict in its favor on the issue of liability, and granted a new trial.

Ordered that the order is affirmed, with costs.

The injured plaintiff allegedly slipped and fell on the floor of an indoor flea market owned by the defendant. At trial, the

defendant's witness Joan Giampetruzzi testified that she was smoking a cigarette outside the glass exit doors of the flea market when she saw a child spill a cup of soda in an aisle near the doors. Giampetruzzi testified that a security guard cleaned the spill and approximately two to three minutes later, the injured plaintiff was lying on the floor in the area where the spill had occurred. The injured plaintiff testified that she was walking towards the exit doors when she suddenly felt her "whole body lift off the ground" causing her to fall backwards. While on the floor, the injured plaintiff testified that she felt a "wet sticky" substance on her back and on her hands which had the consistency of syrup. Her husband, who inadvertently stepped into the substance, described the substance as sticky and believed that it was soda. Sometime later, the injured plaintiff's husband observed a stain on his wife's back approximately 12 to 16 inches in size. The jury found that the defendant was negligent but that this negligence was not a substantial factor in causing the accident. Subsequently, the Supreme Court granted the plaintiffs' motion to set aside the verdict as inconsistent and against the weight of the evidence. On appeal, the defendant argues that the trial court erred in setting aside the verdict.

Although the plaintiffs failed to preserve their argument that the verdict was inconsistent by not objecting to the verdict on that ground before the jury was discharged (*see Disla v DHL Airways,* 219 AD2d 612, 613; *Gross v Fontano,* 206 AD2d 505), their claim that the verdict was against the weight of the evidence was preserved and meritorious. It is well settled that a jury verdict should only be set aside as against the weight of the evidence when it could not have been reached on any fair interpretation of the evidence (*see Aprea v Franco,* 292 AD2d 478; *Nicastro v Park,* 113 AD2d 129, 133). A trial court's decision to set aside the verdict and grant a new trial must be accorded great respect (*see Nicastro v Park, supra* at 136). Here, the jury could not have found that the defendant's negligence in failing to adequately clean the spill was not a substantial factor in causing the accident on any fair interpretation of the evidence. Accordingly, the trial court providently exercised its discretion in setting aside the jury verdict and granting a new trial. Altman, J.P., Goldstein, McGinity and Mastro, JJ., concur.