■ Santos C. Lora, Respondent, et al., Plaintiff, v City of New York, Defendant, and Consolidated Edison Company of New York, Inc., Appellant. [759 NYS2d 69] —Judgment, Supreme Court, Bronx County (Howard Silver, J.), entered on or about July 1, 2002, which awarded plaintiff $750,000 for pain and suffering and $82,000 for medical expenses, plus costs and interest, as against defendant-appellant Con Edison, unanimously reversed, on the law and the facts, without costs, the judgment vacated and the matter remanded for a new trial.

On the morning of August 30, plaintiff decided to take a walk from his cousin's apartment building. He left the building, crossed Tremont Avenue to get to Grand Avenue, and walked along Grand. Tremont and Grand merged in a "Y"-shaped intersection. He later crossed to the other side of Grand and walked back toward the intersection with Tremont. Instead of crossing Grand and Tremont separately, plaintiff decided to cross below the intersection, i.e., below the point at which Grand merged into Tremont. There were no traffic lights, traffic signs or marked crosswalks in this area. In the location where plaintiff crossed the street, defendant Con Edison had excavated a portion of the street and had erected a barricade with tall wooden planks around the excavation. As he approached the Con Edison barricade, he noticed to his left an oncoming red car at a great distance. He proceeded to cut across the traffic lanes, and as he passed the excavation barricade, which was to his left, he was suddenly in front of the oncoming red car, which struck him. The driver was never apprehended. Plaintiff sued the City of New York and Con Edison. The action against the City was dismissed, from which no appeal was taken. Plaintiff's action against Con Edison proceeded to trial.

Plaintiff's expert disputed the safety of the barricade's design. However, the expert conceded on cross-examination that it would have been safer if plaintiff had first crossed Grand, and then crossed Tremont, in the crosswalks provided, which would not have placed him astride the barricades. The jury found that Con Edison was negligent, that its negligence was a proximate cause of plaintiff's injuries, and that plaintiff also was negligent, but that his negligence was not a proximate cause of the accident. The jury awarded plaintiff $3,682,000, which upon stipulation by plaintiff was reduced to the above-noted amounts. Defendant maintains, inter alia, that the jury's findings as to negligence and causation were inconsistent. We agree. Where the jury's findings with respect to negligence and proximate cause are irreconcilably inconsistent, we have found reversal and vacatur of the judgment necessary (*Petioni v Grisi*, 155 AD2d 366 [1989]). Finding that a plaintiff's negligence is not a proximate cause of the accident was against the weight of the evidence (*Soto v New York City Tr. Auth.*, 295 AD2d 419 [2002]). Under circumstances such as these, the issues of negligence and proximate cause are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause (*Kovit v Hallums*, 261 AD2d 442, 443 [1999]).

Accordingly, we reverse, vacate judgment and remand for a

new trial as to both liability and damages. In light of the foregoing, the remaining issues raised on appeal are academic. Concur—Tom, J.P., Sullivan, Ellerin, Marlow and Gonzalez, JJ.