■ DENISE DELLAMONICA, Appellant, v CARVEL CORPORATION, Defendant, and JACOB H. HOEFFNER et al., Respondents. [766 NYS2d 854]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Warshawsky, J.), entered August 23, 2002, which, upon a jury verdict in favor of the defendants Jacob Henry Hoeffner and Patricia Hoeffner and against her and upon the denial of her motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence and for a new trial, dismissed the complaint insofar as asserted against those defendants.

Ordered that the judgment is reversed, on the facts, the motion is granted, the complaint is reinstated insofar as asserted against the defendants Jacob Henry Hoeffner and Patricia Hoeffner, and a new trial is granted on the issues of liability and damages, with costs to abide the event.

A jury verdict is entitled to great deference and should only be set aside as against the weight of the evidence when it could not have been reached on any fair interpretation of the evidence (*see Bendersky v M & O Enters. Corp.,* 299 AD2d 434 [2002]). Proof of a defendant's negligence does not compel a finding that such negligence was a proximate cause of the accident (*see Stanton v Gasport View Dairy Farm,* 244 AD2d 893 [1997]), and where a verdict can be reconciled with a reasonable view of the evidence the prevailing party is entitled to the presumption that the jury adopted that reasonable view (*see Miglino v Supermarkets Gen. Corp.,* 243 AD2d 451 [1997]). However, where a jury verdict with respect to negligence and proximate cause is irreconcilably inconsistent, because the only reasonable view of the evidence is that a defendant's negligence was the proximate

cause of the plaintiff's injuries, then such verdict must be set aside as against the weight of the evidence (*see Lora v City of New York,* 305 AD2d 171 [2003]; *Bennett v City of New York,* 303 AD2d 614 [2003], *lv denied* 100 NY2d 552 [2003]).

In the instant case, the evidence adduced by the plaintiff established that an employee of the defendants Jacob Henry Hoeffner and Patricia Hoeffner (hereinafter the defendants) placed a plastic milk crate in a doorway to their ice cream shop to prop the door open. The jury found that the defendants were negligent, but that their negligence was not a proximate cause of the accident. The only evidence of causation was provided by the plaintiff; she fell while exiting the store when her foot caught on the milk crate. Under these circumstances, the verdict of no proximate cause was inconsistent and unsupported by a fair interpretation of the evidence (*see Lora v City of New York, supra; Bennett v City of New York, supra; Bendersky v M & O Enters. Corp., supra; Soto v New York City Tr. Auth.,* 295 AD2d 419 [2002]; *Brown v City of New York,* 275 AD2d 726 [2000]; *Stanton v Gasport View Dairy Farm, supra*). Thus, the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the verdict and for a new trial should have been granted (*see Bennett v City of New York, supra*). Santucci, J.P., S. Miller, Goldstein and Cozier, JJ., concur.