■ ROCHELLE SHAW et al., Appellants, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents. [772 NYS2d 573]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (R. Rivera, J.), dated September 3, 2002, which, upon a jury verdict, and upon the denial of their motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence, and for a new trial, is in the favor of the defendants and against them.

Ordered that the judgment is reversed, on the law and the facts, the motion is granted, and the matter is remitted to the Supreme Court, Kings County, for a new trial, with costs to abide the event.

A jury verdict is entitled to great deference and should be set aside as against the weight of the evidence only when it could not have been reached on any fair interpretation of the evidence (see Bendersky v M & O Enters. Corp., 299 AD2d 434, 435 [2002]). Proof of a defendant's negligence does not compel a finding that such negligence was a proximate cause of the accident. However, where a jury verdict with respect to negligence and proximate cause is irreconcilably inconsistent, that verdict must be set aside as against the weight of the evidence. Under the circumstances of this case, the verdict with respect to proximate cause, that the defendant Board of Education of the City of New York was negligent, but that the negligence was not a substantial factor in causing the accident, was inconsistent and unsupported by a fair interpretation of the evidence (see Dellamonica v Carvel Corp., 1 AD3d 311 [2003]; Bustamante v Westinghouse El. Co., 195 AD2d 318 [1993]). Therefore, the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside the verdict should have been granted, and we remit the matter to the Supreme Court, Kings County, for a new trial. Prudenti, P.J., Altman, Luciano and Adams, JJ., concur.