(August 8, 2005)

■ DONETTE ALEXANDER, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [800 NYS2d 436]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Douglass, J.), dated April 7, 2004, which denied her motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendant City of New York and against her on the issue of liability as against the weight of the evidence, and (2) a judgment of the same court dated May 11, 2004, which, upon the denial of the motion and upon the jury verdict, dismissed the complaint insofar as asserted against the defendant City of New York.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law and the facts, the motion is granted, the verdict is set aside, the complaint is reinstated insofar as asserted against the defendant City of New York, a new trial is granted, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to abide the event of the new trial.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

''[W]here a jury verdict with respect to negligence and proximate cause is irreconcilably inconsistent, because the only reasonable view of the evidence is that a defendant's negligence was [a] proximate cause of the plaintiff's injuries, then such verdict must be set aside as against the weight of the evidence'' (Dellamonica v Carvel Corp., 1 AD3d 311, 311-312 [2003]; see Shaw v Board of Educ. of City of N.Y., 5 AD3d 468 [2004]; cf. Lora v City of New York, 305 AD2d 171, 172 [2003]; Bennett v City of New York, 303 AD2d 614 [2003]). Here, the plaintiff alighted from the rear door of a bus that was prevented from reaching the bus stop by a parked car. As she stepped into the

roadway she fell in a hole in the pavement. For the jury to find the defendant City of New York negligent for failing to repair the hole while on notice of its existence, yet to find that this negligence was not a proximate cause of the plaintiff's injuries was contrary to the weight of the evidence and irreconcilably inconsistent. The issues of negligence and proximate cause are inextricably intertwined such that it is logically impossible to find negligence without also finding proximate cause (*see Lora v City of New York, supra; Kovit v Estate of Hallums,* 261 AD2d 442, 443 [1999]; *see also Dellamonica v Carvel Corp., supra* [the plaintiff fell on a negligently-placed milk crate such that a finding of negligence without proximate cause was inconsistent and unsupported by a fair interpretation of the evidence]).

The City's contention that the jury could have found that the bus driver's negligence, or that of the person who illegally parked in the bus stop, proximately caused the plaintiff's injuries fails to take into consideration the jury's finding that the City was negligent. Furthermore, this contention also fails to take into consideration the oft-stated rule that there may be more than one proximate cause of a plaintiff's injuries (*see Derdiarian v Felix Contr. Corp.,* 51 NY2d 308 [1980]; *Forte v City of Albany,* 279 NY 416, 422 [1939]; *Slater v Mersereau,* 64 NY 138, 146 [1876] ["Although they acted independently of each other, they did act at the same time in causing the damages, etc., each contributing towards it, and although the act of each, alone and of itself, might not have caused the entire injury, under the circumstances presented, there is no good reason why each should not be liable for the damages caused by the different acts of all."]; *Henderson v Waldbaums,* 149 AD2d 461, 462 [1989]; 1A New York Pattern Jury Instructions 2:71 [3d ed 2005]).

Accordingly, the Supreme Court erred in denying the plaintiff's motion to set aside the verdict, and the plaintiff is entitled to a new trial. Prudenti, P.J., Goldstein, Crane and Mastro, JJ., concur.