■ LAURENCE V. CUBETA et al., Appellants, v YORK INTERNATIONAL CORPORATION et al., Respondents. [875 NYS2d 507]—In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Weber, J.), dated February 26, 2008, which denied

their motion pursuant to CPLR 4404 (a), inter alia, to set aside, as against the weight of the evidence, a jury verdict finding that the defendants' negligence was not a proximate cause of the accident and for judgment as a matter of law on the issue of liability or, in the alternative, for a new trial on the issue of liability, and (2) a judgment of the same court entered March 26, 2008, which, upon the jury verdict, and upon the order dated February 26, 2006, is in favor of the defendants and against them, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law and the facts, those branches of the plaintiffs' motion pursuant to CPLR 4404 (a) which were to set aside the jury verdict as against the weight of the evidence and for a new trial on the issue of liability are granted, the complaint is reinstated, the matter is remitted to the Supreme Court, Suffolk County, for a new trial on the issue of liability, with costs to abide the event, and the order dated February 26, 2008, is modified accordingly.

The appeal from the order must be dismissed because the right of appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached the verdict on any fair interpretation of the evidence (*see Nicastro v Park,* 113 AD2d 129, 134 [1985]). While "[p]roof of a defendant's negligence does not compel a finding that such negligence was a proximate cause of the accident . . . where a jury verdict with respect to negligence and proximate cause is irreconcilably inconsistent, that verdict must be set aside as against the weight of the evidence" (*Shaw v Board of Educ. of City of N.Y.,* 5 AD3d 468 [2004]; *see Dellamonica v Carvel Corp.,* 1 AD3d 311, 312 [2003]; *Bendersky v M & O Enters. Corp.,* 299 AD2d 434, 435 [2002]).

Under the circumstances of this case, the jury's finding that the defendants were negligent but that their negligence was not a proximate cause of the subject accident was inconsistent and not supported by a fair interpretation of the evidence (*see Shaw v Board of Educ. of City of N.Y.,* 5 AD3d at 468; *Dellamonica v Carvel Corp.,* 1 AD3d at 312; *Bendersky v M & O Enters. Corp.,* 299 AD2d at 435; *cf. Miglino v Supermarkets Gen. Corp.,* 243 AD2d 451, 452 [1997]). Accordingly, those branches of the

plaintiffs' motion pursuant to CPLR 4404 (a) which were to set aside the verdict as against the weight of the evidence and for a new trial on the issue of liability should have been granted. Although the plaintiffs contend that they are entitled to judgment as a matter of law on the issue of liability, by failing to move pursuant to CPLR 4401 for a judgment as a matter of law on the issue of liability at the close of the evidence, the plaintiffs implicitly conceded that the issue was for the jury to determine (*see Miller v Miller,* 68 NY2d 871, 873 [1986]; *Garrett v Manaser,* 8 AD3d 616, 617 [2004]).

In this trial on the issue of liability, the Supreme Court should have used the word "accident" or "occurrence" rather than the word "injury" when instructing the jury on proximate cause (*see Swoboda v We Try Harder,* 128 AD2d 862, 864 [1987]). Spolzino, J.P., Santucci, Angiolillo and Eng, JJ., concur.