■ SHAJAHAN, Appellant, v GHAZI BOKARI et al., Respondents. [902 NYS2d 432]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated June 29, 2009, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly was injured when he fell on an interior staircase located in a building owned by the defendants. The plaintiff alleges that at the time of the accident there was no light illuminating the staircase, which also had broken steps. At his deposition, the plaintiff testified, inter alia, that he did not know what happened to his feet at the time he fell, but that as he was descending, he fell because the stairs were broken and there was no light. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint based upon its conclusion that the plaintiff failed to identify the cause of his fall. We reverse.

Contrary to the finding of the Supreme Court, the plaintiff sufficiently identified the alleged cause of his fall, and the defendants failed to establish their prima facie entitlement to judgment as a matter of law (*see Melnikov v 249 Brighton Corp.*, 72 AD3d 760 [2010]). Inasmuch as the defendants failed to satisfy their prima facie burden, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Fisher, J.P., Miller, Angiolillo and Lott, JJ., concur.