■ Guiseppina Gaudiello, Appellant, v City of New York et al., Defendants, and Motiva Enterprises, LLC, et al., Respondents. [916 NYS2d 606]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Weiss, J.), entered October 22, 2009, which, upon a jury verdict in favor of the defendants Motiva Enterprises, LLC, and Atlantic Auto Care, Inc., and against her on the issue of liability, and upon the denial of her motion pursuant to CPLR 4404 (a) to set aside the verdict, inter alia, as contrary to the weight of the evidence, and for a new trial, dismissed the complaint insofar as asserted against those defendants.

Ordered that the judgment is reversed, on the law, with costs, the complaint is reinstated insofar as asserted against the defendants Motiva Enterprises, LLC, and Atlantic Auto Care, Inc., and a new trial is granted.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Nicastro v Park*, 113 AD2d 129 [1985]). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a ques-

tion of law, but rather requires a discretionary balancing of many factors (*see Cohen v Hallmark Cards*, 45 NY2d 493 [1978]; *Nicastro v Park*, 113 AD2d 129 [1985]). Where a jury verdict with respect to negligence and proximate causation is irreconcilably inconsistent, that verdict must be set aside as contrary to the weight of the evidence (*see Shaw v Board of Educ. of City of N.Y.*, 5 AD3d 468 [2004]; *Dellamonica v Carvel Corp.*, 1 AD3d 311, 311-312 [2003]).

Under the circumstances of this case, the verdict finding that the defendants Motiva Enterprises, LLC (hereinafter Motiva), and Atlantic Auto Care, Inc. (hereinafter Atlantic), were negligent, but that their negligence was not a proximate cause of the accident was inconsistent and not supported by a fair interpretation of the evidence (*see Shaw v Board of Educ. of City of N.Y.*, 5 AD3d 468 [2004]; *Dellamonica v Carvel Corp.*, 1 AD3d at 312). The plaintiff, who was the only witness to testify at trial, consistently stated that she tripped and fell over a defect in the sidewalk abutting the premises owned by the defendant Motiva and occupied by the defendant Atlantic (hereinafter together the defendants). The defendants failed to submit any evidence to refute the plaintiff's testimony. Thus, the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the verdict should have been granted.

In light of our determination that a new trial should be granted, we note that the trial court erred in charging the jury that "[a] pedestrian is charged with the responsibility of looking where they are going and is presumed and bound to see what by the proper use of their senses there is to see." The trial court failed to clearly charge the jury that if it determined that the alleged unsafe condition was open and obvious and, thus, that there was no duty to warn, then the jury should proceed to consider the plaintiff's other claims concerning the unsafe condition, and that the fact that the unsafe condition was open and obvious only raised an issue of fact as to the plaintiff's comparative negligence, if any (*see* PJI3d 2:90). Skelos, J.P., Eng, Belen and Lott, JJ., concur.