■ Jean Delva, Individually and as Natural Guardian of Anthony Delva, an Infant, Appellant, v New York City Transit Authority et al., Respondents. [924 NYS2d 832]—

In an action to recover damages for personal injuries, etc., the plaintiff appeals from a judgment of the Supreme Court, Kings County (Bayne, J.), dated June 22, 2009, which, upon a jury verdict in favor of the defendants and against him on the issue of liability and upon the denial of his motion pursuant to CPLR 4404 (a) to set aside the verdict, inter alia, as contrary to the weight of the evidence, and for a new trial, is in favor of the defendants and against him, in effect, dismissing the complaint.

Ordered that the judgment is reversed, on the facts and in the exercise of discretion, with costs, the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the verdict is granted, the complaint is reinstated, and a new trial is granted.

A jury verdict should not be set aside as contrary to·the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]). Where a jury verdict with respect to negligence and proximate causation is irreconcil-

ably inconsistent, that verdict must be set aside as contrary to the weight of the evidence (*see Gaudiello v City of New York*, 80 AD3d 726 [2011]; *Shaw v Board of Educ. of City of N.Y.*, 5 AD3d 468 [2004]; *Dellamonica v Carvel Corp.*, 1 AD3d 311, 311-312 [2003]). Under the particular circumstances of this case, the verdict finding that the defendant bus driver, who struck and allegedly injured the plaintiff's son in a crosswalk, was negligent, but that his negligence was not a proximate cause of the accident, was inconsistent, and contrary to the weight of the evidence (*see Shaw v Board of Educ. of City of N.Y.*, 5 AD3d 468 [2004]). Accordingly, the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the verdict should have been granted. Mastro, J.P., Skelos, Eng and Sgroi, JJ., concur.