■ ARCHANA DAS, Respondent, v COSTCO WHOLESALE CORPORATION, Appellant. [950 NYS2d 396]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Palmieri, J.), entered February 7, 2011, which, upon a jury verdict finding that the defendant was negligent, but that its negligence was not a substantial factor in causing the subject accident, granted the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the verdict, inter alia, as contrary to the weight of the evidence, and for a new trial, and, thereupon, ordered a new trial on the issues of the plaintiff's comparative fault and damages.

Ordered that the order is modified, on the law, by deleting the provision thereof ordering a new trial on the issues of the plaintiff's comparative fault and damages, and substituting therefor a provision ordering a new trial on the issue of liability and, if warranted, a trial on the issue of damages; as so modified, the order is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Nassau County, for a new trial on the issue of liability and, if warranted, a trial on the issue of damages.

The plaintiff alleges that on April 21, 2007, while shopping at a warehouse store of the defendant, she slipped and fell on a wet concrete floor inside a refrigerated "milk room."

In its jury instructions at a trial on the issue of liability, the trial court explained, inter alia, that the plaintiff had the burden of proving the existence of an unsafe condition, which the court specified was whether the floor was wet. The trial court further explained to the jury that if it found that such a condition existed, that the jury had to find that the defendant was negligent if the jury found, among other things, that the defendant failed to use reasonable care to correct such a condition.

The jury returned a verdict finding that an unsafe condition existed and that the defendant was negligent, but that such negligence was not a substantial factor in causing the accident.

After the jury was discharged, the plaintiff moved pursuant to CPLR 4404 (a) to set aside the verdict, inter alia, as contrary to the weight of the evidence, and for a new trial. The Supreme Court granted the motion and, thereupon, ordered a new trial on the issues of the plaintiff's comparative fault and damages. The defendant appeals. We modify.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Cohen v Hallmark Cards*, 45 NY2d 493 [1978]; *Nicastro v Park*, 113 AD2d 129 [1985]). "A jury's finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Garrett v Manaser*, 8 AD3d 616, 617 [2004]; *see Stewart v Marte*, 91 AD3d 754 [2012]; *Shaw v Board of Educ. of City of N.Y.*, 5 AD3d 468 [2004]; *Dellamonica v Carvel Corp.*, 1 AD3d 311 [2003]).

Under the circumstances presented here, the issues of negligence and proximate cause were inextricably interwoven, such that the jury's finding that the defendant was negligent, but that its negligence was not a substantial factor in causing the accident, was contrary to the weight of the evidence. Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence, and for a new trial (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Cohen v Hallmark Cards*, 45 NY2d 493 [1978]; *Gaudiello v City of New York*, 80 AD3d 726 [2011]; *Alexander v City of New York*, 21 AD3d 389 [2005]; *Garrett v Manaser*, 8 AD3d at 617; *Dellamonica v Carvel Corp.*, 1 AD3d 311 [2003]).

However, the court erred in ordering a new trial only on the issues of the plaintiff's comparative fault and damages. A new trial on the issue of liability should have been ordered. By failing to move pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability at the close of the evidence, the plaintiff implicitly conceded that the issue was for the jury to determine (*see Miller v Miller*, 68 NY2d 871, 873 [1986]; *Garrett v Manaser*, 8 AD3d at 617). Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for a new trial on the issue of liability and, if warranted, a trial on the issue of damages.

The parties' remaining contentions are either academic in light of our determination or not properly before this Court. Dillon, J.P., Leventhal, Belen and Lott, JJ., concur.