■ Marilu Wallace, Appellant, v City of New York, Respondent, et al., Defendants. [970 NYS2d 237]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings

County (Schneider, J.), entered November 9, 2010, which, upon a jury verdict on the issue of liability, and upon the denial of her motion pursuant to CPLR 4404 (a) to set aside the jury verdict as contrary to the weight of the evidence, is in favor of the defendant City of New York and against her, dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is reversed, on the facts, with costs, the plaintiff's motion to set aside the jury verdict is granted, the complaint is reinstated insofar as asserted against the defendant City of New York, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of liability.

On July 18, 2003, the plaintiff was walking with her children on a Brooklyn sidewalk when she observed a ladder obstructing a portion of her path. She guided her children away from the ladder and continued walking on the sidewalk. As she proceeded, she tripped over a raised portion of the sidewalk and fell. After her fall, she observed that the sidewalk where she had fallen "was all patched and there was a hole in it." The plaintiff commenced this action to recover damages for personal injuries. A jury determined that the defendant City of New York was negligent, but that its negligence was not a proximate cause of the plaintiff's injuries. The plaintiff moved pursuant to CPLR 4404 (a) to set aside the jury verdict as contrary to the weight of the evidence, and the Supreme Court denied her motion.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Nicastro v Park*, 113 AD2d 129 [1985]). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors (*see Cohen v Hallmark Cards*, 45 NY2d 493 [1978]; *Nicastro v Park*, 113 AD2d 129 [1985]). Where a jury verdict with respect to negligence and proximate causation is irreconcilably inconsistent, that verdict must be set aside as contrary to the weight of the evidence (*see Gaudiello v City of New York*, 80 AD3d 726, 727 [2011]; *Shaw v Board of Educ. of City of N.Y.*, 5 AD3d 468 [2004]; *Dellamonica v Carvel Corp.*, 1 AD3d 311, 311-312 [2003]).

Contrary to the contention of the defendant City of New York, the plaintiff sufficiently identified the sidewalk defect which allegedly caused her fall (*see Madry v Heritage Holding Corp.*, 96 AD3d 1022, 1023 [2012]; *Shajahan v Bokari*, 74 AD3d 1174, 1174 [2010]; *Melnikov v 249 Brighton Corp.*, 72 AD3d 760, 760-

761 [2010]; *Napoli v Mazza*, 262 AD2d 466, 467 [1999]; *Farrar v Teicholz*, 173 AD2d 674, 676 [1991]). Under the circumstances of this case, for the jury to find the City negligent for failing to repair a sidewalk defect while on notice of its existence, yet to find that this negligence was not a proximate cause of the plaintiff's injuries, was contrary to the weight of the evidence and irreconcilably inconsistent (*see Alexander v City of New York*, 21 AD3d 389, 390 [2005]; *see also Gaudiello v City of New York*, 80 AD3d at 727; *Shaw v Board of Educ. of City of N.Y.*, 5 AD3d at 468; *Dellamonica v Carvel Corp.*, 1 AD3d at 312). Accordingly, the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the jury verdict should have been granted. Skelos, Balkin, and Dickerson, JJ., concur.

Rivera, J.P., dissents and votes to affirm the judgment, with the following memorandum.

Rivera, J.P. (dissenting). On the instant appeal, the plaintiff argues, and my colleagues in the majority conclude, that the jury verdict finding that the defendant City of New York was negligent, but that the negligence was not a substantial factor in causing the subject accident, is irreconcilably inconsistent. I respectfully disagree.

On July 18, 2003, at approximately 8:20 a.m., the plaintiff allegedly was injured when she tripped and fell while walking on a sidewalk located at Union Street in Brooklyn. She commenced the instant action against, among others, the City, alleging that the accident had been caused by its negligent failure to maintain and repair the sidewalk.

At a jury trial, the plaintiff testified that, on the date of the alleged accident, she was walking on Union Street, with her two sons, then ages 10 and 12, when she observed a ladder on the left side of the sidewalk that "blocked [her] walk." She "guided" her children "away from the ladder." As she did so, she tripped and fell. On direct examination, the plaintiff stated that she tripped on a "raised part of the sidewalk." She further stated that after she "got up and looked back," she observed that the sidewalk was "all patched and there was a hole in it."

During cross-examination, the plaintiff testified that she did not see the specific location upon which she tripped at any time prior to the incident. She admitted that, prior to her fall, she was paying attention to her children and was "not looking down." The "first time" she saw the purported condition where she tripped was after she "got up off the ground." The plaintiff further testified that immediately before she tripped, she was not running, not "walking very fast," and not "in a rush." She estimated that she landed approximately 10 feet away from where she initially tripped.

The plaintiff was asked whether the cause of her fall was a "raised sidewalk," a "hole," or a "crack," because all of those possible conditions had been previously referred to by her or her counsel. The plaintiff replied, "[i]t's all three . . . there was a hole with a raised part of the sidewalk. And that's where I tripped first. And then there was a lot of raised cracks and repair right next to it." Thereafter, the plaintiff was asked, "[a]nd did your foot come into contact with all those things you just described?" The plaintiff responded, "I can't be sure. I was moving quickly."

At the conclusion of the trial, the jury returned a verdict finding that the City was negligent, but that its negligence was not a substantial factor in causing the accident. The plaintiff moved pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence. The Supreme Court denied the plaintiff's motion. Consistent therewith, a judgment was entered in favor of the City and against the plaintiff dismissing the complaint.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Nicastro v Park*, 113 AD2d 129, 134 [1985]). " 'A jury's finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause' " (*Stewart v Marte*, 91 AD3d 754, 755 [2012], quoting *Garrett v Manaser*, 8 AD3d 616, 617 [2004]; *see Spero v Awasthi Ltd. Partners*, 106 AD3d 988 [2013]; *Coma v City of New York*, 97 AD3d 715 [2012]; *DeSalvo v Kreynin*, 95 AD3d 819 [2012]). " '[W]here there is a reasonable view of the evidence under which it is not logically impossible to reconcile a finding of negligence but no proximate cause, it will be presumed that, in returning such a verdict, the jury adopted that view' " (*Coma v City of New York*, 97 AD3d at 715-716, quoting *Bonomo v City of New York*, 78 AD3d 1094, 1095 [2010]; *see Jankauskas v Sandberg*, 71 AD3d 1090, 1091 [2010]; *Casella v City of New York*, 69 AD3d 549, 551 [2010]).

Here, notwithstanding the plaintiff's contention on appeal, the jury's verdict was not contrary to the weight of the evidence. The evidence did not preponderate so heavily in favor of the plaintiff that the verdict could not have been reached on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d at 746). Moreover, the issues of negligence

and proximate cause were not inextricably interwoven. On the contrary, the jury verdict can be easily reconciled with a reasonable view of the evidence, and the City is entitled to the presumption that the jury adopted that view (*see Bonomo v City of New York*, 78 AD3d at 1094-1095). The jury could have reasonably concluded that while the City negligently failed to repair the subject sidewalk, the accident was *completely* unrelated to, or not caused by, any defect in the sidewalk (*see Finnegan v Peter, Sr. & Mary L. Liberatore Family Ltd. Partnership*, 90 AD3d 1676, 1677 [2011]). " 'Although proximate cause can be established in the absence of direct evidence of causation [and] . . . may be inferred from the facts and circumstances underlying the injury, mere speculation as to the cause of a fall, where there can be many causes, is fatal to a cause of action' " (*Racines v Lebowitz*, 105 AD3d 934, 934 [2013], quoting *Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434, 435 [2006]). The trial transcript reveals that the plaintiff was unable to identify the specific cause of her accident without engaging in speculation. The plaintiff testified that the "first time" she saw the purported condition that caused her to trip was after she "got up off the ground," upon landing approximately 10 feet away from where she allegedly tripped. It is very telling that when the plaintiff was asked whether her foot came into contact with all of the three purported conditions referred to by her or her counsel, she stated "I can't be sure. I was moving quickly."

Additionally, " '[i]t is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses' " (*Soto v Elmback Owners, LLC*, 106 AD3d 986, 986 [2013], quoting *Exarhouleas v Green 317 Madison, LLC*, 46 AD3d 854, 855 [2007]; *see Lopreiato v Scotti*, 101 AD3d 829, 830 [2012]). The jury's determination to resolve questions of credibility against the plaintiff was supported by a fair interpretation of the evidence. The jury has spoken and I see no basis to disturb its determination.