In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings *761 County (Schneider, J.), entered November 9, 2010, which, upon a jury verdict on the issue of liability, and upon the denial of her motion pursuant to CPLR 4404 (a) to set aside the jury verdict as contrary to the weight of the evidence, is in favor of the defendant City of New York and against her, dismissing the complaint insofar as asserted against that defendant.
Ordered that the judgment is reversed, on the facts, with costs, the plaintiff’s motion to set aside the jury verdict is granted, the complaint is reinstated insofar as asserted against the defendant City of New York, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of liability.
On July 18, 2003, the plaintiff was walking with her children on a Brooklyn sidewalk when she observed a ladder obstructing a portion of her path. She guided her children away from the ladder and continued walking on the sidewalk. As she proceeded, she tripped over a raised portion of the sidewalk and fell. After her fall, she observed that the sidewalk where she had fallen “was all patched and there was a hole in it.” The plaintiff commenced this action to recover damages for personal injuries. A jury determined that the defendant City of New York was negligent, but that its negligence was not a proximate cause of the plaintiffs injuries. The plaintiff moved pursuant to CPLR 4404 (a) to set aside the jury verdict as contrary to the weight of the evidence, and the Supreme Court denied her motion.
A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744 [1995]; Nicastro v Park, 113 AD2d 129 [1985]). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors (see Cohen v Hallmark Cards, 45 NY2d 493 [1978]; Nicastro v Park, 113 AD2d 129 [1985]). Where a jury verdict with respect to negligence and proximate causation is irreconcilably inconsistent, that verdict must be set aside as contrary to the weight of the evidence (see Gaudiello v City of New York, 80 AD3d 726, 727 [2011]; Shaw v Board of Educ. of City of N.Y., 5 AD3d 468 [2004]; Dellamonica v Carvel Corp., 1 AD3d 311, 311-312 [2003]).
Contrary to the contention of the defendant City of New York, the plaintiff sufficiently identified the sidewalk defect which allegedly caused her fall (see Madry v Heritage Holding Corp., 96 AD3d 1022, 1023 [2012]; Shajahan v Bokari, 74 AD3d 1174, 1174 [2010]; Melnikov v 249 Brighton Corp., 72 AD3d 760, 760- *762 761 [2010]; Napoli v Mazza, 262 AD2d 466, 467 [1999]; Farrar v Teicholz, 173 AD2d 674, 676 [1991]). Under the circumstances of this case, for the jury to find the City negligent for failing to repair a sidewalk defect while on notice of its existence, yet to find that this negligence was not a proximate cause of the plaintiffs injuries, was contrary to the weight of the evidence and irreconcilably inconsistent (see Alexander v City of New York, 21 AD3d 389, 390 [2005]; see also Gaudiello v City of New York, 80 AD3d at 727; Shaw v Board of Educ. of City of N.Y., 5 AD3d at 468; Dellamonica v Carvel Corp., 1 AD3d at 312). Accordingly, the plaintiffs motion pursuant to CPLR 4404 (a) to set aside the jury verdict should have been granted. Skelos, Balkin, and Dickerson, JJ., concur.
Rivera, J.P., dissents and votes to affirm the judgment, with the following memorandum.