■ ANA BATISTA, Respondent, v BOGOPA SERVICE CORP. et al., Appellants. [994 NYS2d 648]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Velasquez, J.), dated September 18, 2012, which granted the plaintiff's motion pursuant to CPLR 4404 (a) to set aside a jury verdict in their favor on the issue of liability as contrary to the weight of the evidence and for a new trial on the issue of liability.

Ordered that the order is affirmed, with costs.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big v Supermarkets*, 86 NY2d 744, 746 [1995]; *Nicastro v Park*, 113 AD2d 129, 134 [1985]). A jury's finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding

proximate cause (*see Das v Costco Wholesale Corp.*, 98 AD3d 712, 713 [2012]; *Garrett v Manaser*, 8 AD3d 616, 617 [2004]; *Shaw v Board of Educ. of City of N.Y.*, 5 AD3d 468, 468 [2004]; *Dellamonica v Carvel Corp.*, 1 AD3d 311, 311-312 [2003]).

Under the circumstances of this case, the jury's finding that the defendants were negligent but that their negligence was not a substantial factor in causing the subject accident was not supported by a fair interpretation of the evidence (*see Gaudiello v City of New York*, 80 AD3d 726, 727 [2011]; *Shaw v Board of Educ. of City of N.Y.*, 5 AD3d at 468; *Dellamonica v Carvel Corp.*, 1 AD3d at 312). Accordingly, the Supreme Court properly granted the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial.

The parties' remaining contentions are either academic in light of our determination or not properly before this Court. Dillon, J.P., Hall, Austin and Barros, JJ., concur.