◼ VICTORIA H. et al., Respondents, v BOARD OF EDUCATION OF CITY OF NEW YORK et al., Appellants. [11 NYS3d 668]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Sweeney, J.), dated April 2, 2013, as granted that branch of the plaintiffs' motion which was pursuant to CPLR 4404 (a) to set aside a jury verdict as contrary to the weight of the evidence and for a new trial.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The infant plaintiff was a 13-year-old seventh grader at I.S. 228 (hereinafter the school) when she allegedly was sexually assaulted by another student in the school building. The infant plaintiff, by her mother and natural guardian, and her mother individually, thereafter commenced this action to recover damages for personal injuries, etc., alleging, inter alia, negligent supervision by employees of the school. The case proceeded to trial. At the conclusion of the trial, the jury returned a verdict finding, among other things, that the defendants were negligent in supervising the students, but that such negligence was not a substantial factor in causing the infant plaintiff's injuries. The plaintiffs moved, inter alia, pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and for a new trial. The Supreme Court, inter alia, granted that branch of the plaintiffs' motion.

"A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (*Ruggiero v Weth*, 122 AD3d 828, 828 [2014]; *see Lolik v Big v Supermarkets*, 86 NY2d 744, 746 [1995]). " 'A jury's finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the

weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause' " (*Ruggiero v Weth*, 122 AD3d at 829, quoting *Garrett v Manaser*, 8 AD3d 616, 617 [2004]).

Under the circumstances of this case, the issues of negligence and proximate cause were inextricably interwoven, such that the jury's finding that the defendants were negligent, but that their negligence was not a substantial factor in causing the infant plaintiff's injuries, was contrary to the weight of the evidence (*see Das v Costco Wholesale Corp.*, 98 AD3d 712, 713 [2012]; *Gaudiello v City of New York*, 80 AD3d 726, 727 [2011]; *Rodriguez v Elmont School Dist.*, 37 AD3d 448, 450 [2007]).

The defendants' remaining contention, regarding a discovery sanction imposed on them, is not properly before this Court as it is not embodied in the order appealed from (*see Bianco v Flushing Hosp. Med. Ctr.*, 79 AD3d 777, 779 [2010]; *Kiersh v Kiersh*, 222 AD2d 411 [1995]).

Accordingly, the Supreme Court properly granted that branch of the plaintiffs' motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial. Skelos, J.P., Chambers, Maltese and Duffy, JJ., concur.