(August 12, 2015)

■ WAZED AHMED et al., Appellants, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Respondent, et al., Defendants. (And a Third-Party Action.) [14 NYS3d 501]—

In an action to recover damages for personal injuries, etc., the plaintiff Wazed Ahmed appeals, as limited by his brief, from so much of an amended judgment of the Supreme Court, Queens County (Markey, J.), entered July 11, 2012, as, upon a jury verdict in favor of the defendants on the issue of liability, and upon the denial of that branch of the plaintiffs' motion which was pursuant to CPLR 4404 (a) to set aside so much of the jury verdict as was in favor of the defendant Port Authority of New York and New Jersey on the issue of liability and for a new trial against that defendant, is in favor of the defendant Port Authority of New York and New Jersey on the issue of liability dismissing the complaint insofar as asserted against that defendant, and the plaintiff Fouzia Khan also appeals from the same amended judgment.

Ordered that the appeal by the plaintiff Fouzia Khan is dismissed as abandoned, without costs or disbursements (*see* Rules of App Div, 2d Dept [22 NYCRR] § 670.8 [e]); and it is further,

Ordered that appeal from so much of the amended judgment as dismissed the complaint insofar as asserted by the plaintiff Fouzia Khan against the defendant Port Authority of New York and New Jersey is dismissed, as the plaintiff Wazed Ahmed is not aggrieved thereby (*see* CPLR 5511); and it is further,

Ordered that the amended judgment is reversed insofar as reviewed on the appeal by the plaintiff Wazed Ahmed, on the facts, with costs payable by the defendant Port Authority of New York and New Jersey to the plaintiff Wazed Ahmed, that branch of the plaintiffs' motion which was pursuant to CPLR 4404 (a) to set aside so much of the jury verdict as was in favor of the defendant Port Authority of New York and New Jersey on the issue of liability and for a new trial against that defendant is granted, the complaint is reinstated insofar as asserted by the plaintiff Wazed Ahmed against the defendant Port Authority of New York and New Jersey, and the matter is remitted to the Supreme Court, Queens County, for a new trial as to that defendant.

The plaintiff Wazed Ahmed alleged that he was occupying a bathroom stall located on property owned by the defendant Port Authority of New York and New Jersey (hereinafter the Port Authority) and operated by the defendant 111 Restaurant Service, J.F.K. Airport, Inc. (hereinafter 111 Restaurant Service), when the door to that stall fell off its hinges and struck him in the head. After a trial on the issue of liability, the jury returned a verdict finding that neither Ahmed nor 111 Restaurant Service was negligent. The jury further determined that although the Port Authority was negligent, such negligence was not a proximate cause of the accident.

The plaintiffs thereafter moved pursuant to CPLR 4404 (a) to, among other things, set aside so much of the jury verdict as was in favor of the defendant Port Authority on the issue of liability and for a new trial against that defendant. The plaintiffs' motion was denied and a judgment was entered in favor of the defendants and against the plaintiffs dismissing the complaint. On appeal, Ahmed contends that the verdict was inconsistent and contrary to the weight of the evidence to the extent that the jury determined that the Port Authority was negligent, but that such negligence was not a proximate cause of the accident.

"Objections to a verdict on the ground of inconsistency must be raised before the jury is discharged, at which time corrective action may be taken by resubmitting the matter to the jury" (*Strauss v Huber*, 161 AD2d 629, 630 [1990]; *see Barry v Manglass*, 55 NY2d 803, 806 [1981]; *see also* CPLR 4111 [c];

*Marine Midland Bank v Russo Produce Co.*, 50 NY2d 31, 40 [1980]). Since the plaintiffs did not raise the issue of the claimed inconsistent jury verdict before the jury was discharged, Ahmed's contention that the jury verdict was inconsistent as a matter of law is not preserved for appellate review (*see LaMacchia v City of New Rochelle*, 125 AD3d 817, 817 [2015]; *Rivera v MTA Long Is. Bus*, 45 AD3d 557, 557-558 [2007]; *Gorevic v Roy K. Davis, Inc.*, 199 AD2d 239, 240 [1993]; *Strauss v Huber*, 161 AD2d at 630).

However, Ahmed's argument that the verdict was contrary to the weight of the evidence has merit. A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big v Supermarkets*, 86 NY2d 744, 746 [1995]; *Ruggiero v Weth*, 122 AD3d 828, 828-829 [2014]). "Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors" (*Gaudiello v City of New York*, 80 AD3d 726, 726-727 [2011]; *see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Nicastro v Park*, 113 AD2d 129, 133 [1985]). Where the only reasonable view of the evidence presented at trial was that a defendant's negligence was a proximate cause of the plaintiff's injuries, a verdict finding that the defendant's negligence was not a proximate cause of the plaintiff's injuries must be set aside as contrary to the weight of the evidence (*see Gaudiello v City of New York*, 80 AD3d at 726-727; *Shaw v Board of Educ. of City of N.Y.*, 5 AD3d 468, 468 [2004]; *Dellamonica v Carvel Corp.*, 1 AD3d 311, 312 [2003]).

Here, in light of the jury's finding that neither Ahmed nor 111 Restaurant Service was negligent, the jury's determination that the Port Authority was negligent but that its negligence was not a substantial factor in causing the subject accident was not supported by a fair interpretation of the evidence (*see Bendersky v M & O Enters. Corp.*, 299 AD2d 434, 435 [2002]; *see also Batista v Bogopa Serv. Corp.*, 121 AD3d 828, 829 [2014]; *Wallace v City of New York*, 108 AD3d 760, 762 [2013]; *Gaudiello v City of New York*, 80 AD3d at 726-727; *Shaw v Board of Educ. of City of N.Y.*, 5 AD3d at 468; *Dellamonica v Carvel Corp.*, 1 AD3d at 312; *cf. Ruggiero v Weth*, 122 AD3d at 829; *Henry v Town of Hempstead*, 119 AD3d 649, 650 [2014]). Under the circumstances, the Supreme Court should have granted that branch of the plaintiffs' motion which was pursuant to CPLR 4404 (a) to set aside so much of the jury verdict as was in favor of the Port Authority on the issue of liability

and for a new trial against that defendant. Accordingly, we reinstate the complaint insofar as asserted by the plaintiff Wazed Ahmed against the Port Authority and remit the matter to the Supreme Court, Queens County, for a new trial against that defendant (see *Wallace v City of New York*, 108 AD3d at 761). Dillon, J.P., Balkin, Miller and Maltese, JJ., concur.