Laura Lauretta et al., Appellants, v Baseball Heaven, LLC, et al., Respondents, et al., Defendants. [24 NYS3d 685]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Garguilo, J.), entered July 2, 2013, as, upon a jury verdict in favor of, among others, the defendants Baseball Heaven, LLC, and Sandra Caravousanos on the issue of liability, and upon the denial of their motion pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and for a new trial, dismissed the complaint insofar as asserted against the defendant Baseball Heaven, LLC, and, in effect, dismissed the complaint insofar as asserted against the defendant Sandra Caravousanos.

Ordered that the judgment is modified, on the facts, by deleting the provision which, in effect, dismissed the complaint

insofar as asserted against the defendant Sandra Caravousanos, that branch of the plaintiffs' motion which was pursuant to CPLR 4404 (a) to set aside so much of the jury verdict as was in favor of that defendant on the issue of liability and for a new trial against that defendant is granted, and the complaint is reinstated insofar as asserted against Sandra Caravousanos; as so modified, the judgment is affirmed insofar as appealed from, with one bill of costs payable by the plaintiffs to the defendant Baseball Heaven, LLC, and one bill of costs payable by the defendant Sandra Caravousanos to the plaintiffs, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial on the issue of liability as to the defendant Sandra Caravousanos.

The plaintiff Laura Lauretta (hereinafter the injured plaintiff) fell and was injured as she walked on premises owned by the defendant Baseball Heaven, LLC (hereinafter Baseball Heaven), after being struck from behind by the defendant Sandra Caravousanos, who had tripped and fallen into the plaintiff. After a trial on the issue of liability, the jury returned a verdict finding that Baseball Heaven was not negligent, and that Caravousanos was negligent, but that her negligence was not a proximate cause of the accident. The plaintiffs then moved, inter alia, to set aside the verdict pursuant to CPLR 4404 as inconsistent and contrary to the weight of the evidence. The Supreme Court denied the motion.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big v Supermarkets*, 86 NY2d 744 [1995]; *Wallace v City of New York*, 108 AD3d 760, 761 [2013]; *Nicastro v Park*, 113 AD2d 129 [1985]). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors (*see Cohen v Hallmark Cards*, 45 NY2d 493 [1978]; *Nicastro v Park*, 113 AD2d 129 [1985]). Where a jury verdict with respect to negligence and proximate causation is irreconcilably inconsistent, that verdict must be set aside as contrary to the weight of the evidence (*see Gaudiello v City of New York*, 80 AD3d 726, 727 [2011]; *Shaw v Board of Educ. of City of N.Y.*, 5 AD3d 468 [2004]; *Dellamonica v Carvel Corp.*, 1 AD3d 311, 311-312 [2003]).

Here, contrary to the plaintiffs' contention, a fair interpretation of the evidence supports the jury's conclusion that Baseball Heaven was not negligent. However, in light of this conclusion, and the evidence adduced at trial, it was irreconcilably

inconsistent for the jury to also conclude that Caravousanos was negligent, but that her negligence was not a proximate cause of the accident (*see Ahmed v Port Auth. of N.Y. & N.J.*, 131 AD3d 493 [2015]; *Bendersky v M & O Enters. Corp.*, 299 AD2d 434, 435 [2002]; *see also Batista v Bogopa Serv. Corp.*, 121 AD3d 828, 829 [2014]; *Wallace v City of New York*, 108 AD3d at 762; *Gaudiello v City of New York*, 80 AD3d at 726-727).

Thus, the Supreme Court should have granted that branch of the plaintiffs' motion which was pursuant to CPLR 4404 (a) to set aside so much of the jury verdict as was in favor of Sandra Caravousanos on the issue of liability as contrary to the weight of the evidence, and for a new trial against that defendant. Accordingly, we reinstate the complaint insofar as asserted by the plaintiffs against Sandra Caravousanos and remit the matter to the Supreme Court, Suffolk County, for a new trial against that defendant (*see Wallace v City of New York*, 108 AD3d at 761).

The plaintiffs' remaining contentions are without merit or need not be reached in light of our determination. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.