■ ANTHONY GRAZIANO, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [60 NYS3d 299]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Silber, J.), dated January 21, 2016, which denied his motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendant City of New York and against him on the issue of liability and for a new trial on that issue.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured while riding a motorized bicycle on a sidewalk in Brooklyn, when his bicycle hit a raised sidewalk flag, causing him to fall. The plaintiff commenced this personal injury action against, among others, the City of New York. The matter proceeded to a jury trial on the issue of liability, after which the jury rendered a verdict in favor of the City, based upon a finding that the City was negligent, but that its negligence was not a proximate cause of the accident. The plaintiff moved pursuant to CPLR 4404 (a) to set aside the verdict, arguing, among other things, that it was inconsistent and contrary to the weight of the evidence. The Supreme Court denied the motion.

"Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law,

but rather requires a discretionary balancing of many factors" (*Gaudiello v City of New York*, 80 AD3d 726, 726-727 [2011]; *see Ahmed v Port Auth. of N.Y. & N.J.*, 131 AD3d 493, 495 [2015]). "Where the only reasonable view of the evidence presented at trial was that a defendant's negligence was a proximate cause of the plaintiff's injuries, a verdict finding that the defendant's negligence was not a proximate cause of the plaintiff's injuries must be set aside as contrary to the weight of the evidence" (*Ahmed v Port Auth. of N.Y. & N.J.*, 131 AD3d at 495).

Here, the plaintiff acknowledged at trial that he should not have been riding a motorized bicycle on the sidewalk. Further, the plaintiff was riding fairly fast, particularly considering that, as he testified, the area of sidewalk where he was riding was "extremely dark." Under these circumstances, a reasonable view of the evidence supported the jury's finding that the City was negligent, and that the plaintiff's own negligence was the sole proximate cause of the accident (*see Moffett-Knox v Anthony's Windows on the Lake, Inc.*, 126 AD3d 768 [2015]; *Henry v Town of Hempstead*, 119 AD3d 649, 649-650 [2014]; *Coma v City of New York,* 97 AD3d 715, 716 [2012]).

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit.

Accordingly, the plaintiff's motion to set aside the jury verdict was properly denied. Balkin, J.P., Roman, Sgroi and Duffy, JJ., concur.