Mitchell v Quincy Amusements, Inc. (2019 NY Slip Op 00430)





Mitchell v Quincy Amusements, Inc.


2019 NY Slip Op 00430


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2016-10498
 (Index No. 60147/13)

[*1]Tracey Mitchell, appellant, 
v
Quincy Amusements, Inc., doing business as Cross County Multiplex Cinema, respondent.


Luca & Pearl, LLP, New York, NY (David Henry Sculnick and Scott W. Pearl of counsel), for appellant.
The Law Offices of John W. Manning, P.C., Tarrytown, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (David F. Everett, J.), entered August 17, 2016. The judgment, upon a jury verdict in favor of the defendant and against the plaintiff on the issue of liability, and upon the denial of the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury verdict, inter alia, as contrary to the weight of the evidence and for a new trial, is in favor of the defendant and against her dismissing the complaint.
ORDERED that the judgment is reversed, on the law, with costs, the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury verdict, inter alia, as contrary to the weight of the evidence and for a new trial is granted, and the complaint is reinstated.
The plaintiff alleged that after entering the auditorium to attend the showing of a movie at the defendant's multiplex theater, she entered a row of seats, slipped on what she believed to be popcorn oil, and fell. After the movie ended, the plaintiff realized that she was injured when she had difficulty rising from her seat.
The plaintiff commenced this action to recover damages for the personal injuries allegedly sustained. After the trial was completed, the jury rendered a verdict finding that the defendant was negligent, but that such negligence was not a substantial factor in causing the plaintiff's injuries. The plaintiff then moved pursuant to CPLR 4404(a) to set aside the jury verdict, inter alia, as contrary to the weight of the evidence and for a new trial. The Supreme Court denied the motion and thereafter entered judgment in favor of the defendant and against the plaintiff dismissing the complaint. The plaintiff appeals from the judgment.
A jury verdict should not be set aside as contrary to the weight of the evidence unless "the jury could not have reached the verdict on any fair interpretation of the evidence" (Trabal v Queens Surgi-Ctr., 8 AD3d 555, 556 [internal quotation marks omitted]; see Reitzel v Hale, 128 AD3d 1045, 1045; Ruggiero v Weth, 122 AD3d 828, 828). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires [*2]a discretionary balancing of many factors" (Gaudiello v City of New York, 80 AD3d 726, 726-727; see Ahmed v Port Auth. of N.Y. & N.J., 131 AD3d 493, 495).
Where, as here, the issues of negligence and proximate cause were inextricably interwoven, the jury's finding that the defendant was negligent, but that such negligence was not a substantial factor in causing the plaintiff's injuries, was not supported by a fair interpretation of the evidence (see Mancini v Metropolitan Suburban Bus Auth., 150 AD3d 979, 980; Victoria H. v Board of Educ. of City of N.Y., 129 AD3d 912, 913; Das v Costco Wholesale Corp., 98 AD3d 712, 713; Coma v City of New York, 97 AD3d 715, 715; Gaudiello v City of New York, 80 AD3d 726, 727; Dellamonica v Carvel Corp., 1 AD3d 311, 311-312). The plaintiff, and her friend who accompanied her on the day of the accident, both consistently testified that the plaintiff slipped and fell on an oily substance on the floor of the auditorium. The defendants failed to submit any evidence to refute this testimony. Thus, the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury verdict should have been granted.
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court